In the Matter of the Application of Howard O. Cobb, Petitioner, for a Certiorari Order against the Board of Appeals of the City of Buffalo, Respondent.

Supreme Court, Erie County, September 3, 1926.

**Municipal corporations — zoning ordinances — certiorari to review action of board of appeals of city of Buffalo in granting building permit — ordinance is defective in not providing for sufficient notice to interested parties — determination of board of appeals is invalid.**

The determination of the board of appeals of the city of Buffalo, permitting the erection of an apartment house, is invalid, since it appears that the zoning ordinance does not provide for notice to all interested parties of a hearing before the board of appeals, for, while sixteen days' notice of hearing is required, no provision is made to inform the interested parties concerning the subject-matter to be considered, or for the service of notice, either personally or otherwise.

The determination of the board of appeals seriously affects property rights, and, therefore, due notice of its proceedings must be given to interested parties before its determination can be binding.

Application for a certiorari order to review a determination of the board of appeals created under section 70 of an ordinance of the city of Buffalo, on the application of the Lasser Pryor Company, Inc., for an apartment house at the northeast corner of Barker street and Linwood avenue.

*John V. Maloney,* for the petitioner.

*Kevin Killeen,* for the respondent.

Noonan, J. This is a motion for an order of certiorari to review the determination of the board of appeals under the zoning ordinance of the city of Buffalo, permitting the building of an apartment house at the northeast corner of Linwood avenue and Barker street in said city, pursuant to the provisions of section 28-b of the said ordinance. The powers of the board of appeals are defined in section 28 of said ordinance, and section 28-b reads as follows:

" Variance under Specific Rules in Exceptional Cases. To hear and decide, after public hearing and notice, special exceptions to the terms of this ordinance upon which such board is required to pass under such ordinance."

This section is a " safety valve " for the zoning system, which enables the board to do substantial justice between the owner who wishes to improve his property and the owners of nearby property that will be affected by the building to be erected. It may be assumed that the ordinance, properly administered, is constitutional

(*Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288); that it has the force of a statute (*Matter of Stubbe* v. *Adamson*, 220 id. 459), and, being in restraint of common-law rights, must be strictly construed. (*Welch* v. *City of Niagara Falls*, 210 App. Div. 170; *Village of Stamford* v. *Fisher*, 140 N. Y. 187.)

This ordinance, however, is defective, in that it fails to prescribe an adequate method of giving the parties affected due notice of the hearing before the board of appeals. Sixteen days' notice of the hearing is required, but no provision is made to inform the interested parties concerning the subject-matter to be considered, and consequently such parties are not sufficiently informed to properly protect their rights.

Furthermore, the ordinance is silent as to *how* the notice must be given. It does not specifically provide for either personal or substituted service. The decision of the board of appeals seriously affects property rights, and due notice of its proceedings must, therefore, be given to the interested parties before the decision of the board is binding upon them, because property rights cannot be taken or impaired without due process of law. Therefore, I am of the opinion that the decision of the board of appeals in this proceeding is invalid, because due notice was not given to the parties affected by its decision.

It follows that the motion for an order of certiorari to review the decision of the board of appeals herein should be, and it hereby is, granted, and an order may be entered accordingly.