In the Matter of New York Life Insurance Company et al., Appellants-Respondents, against Harris H. Murdock et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents-Appellants, and B. J. Denihan, Inc., et al., Intervenors-Respondents-Appellants.

First Department, June 11, 1959.

*Milton Mollen* of counsel (*James J. Hurley* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for respondents-appellants.

*Samuel I. Rosenman* of counsel (*Mendes Hershman, Max Freund, Milton Adler* and *Harry A. Leigh* with him on the brief; *Rosenman Goldmark Colin & Kaye,* attorneys; *Angulo Cooney, Marsh & Ouchterloney,* attorneys), for appellants-respondents.

*W. Bernard Richland* of counsel (*Baer, Marks, Friedman, Berliner & Klein,* attorneys), for intervenors-respondents-appellants.

McNALLY, J. All parties have appealed from the order of Special Term entered January 5, 1959 pursuant to leave granted under section 1304 of the Civil Practice Act. The order denied the motion of the Board of Standards and Appeals and the intervenors for an order vacating the order of certiorari, dismissing the petition and sustaining the determination of the board. The board's determination permitted the intervenors to continue the operation of an enlarged dry cleaning business which enlargement had previously been granted as a zoning use variance. The order further reversed, annulled and set aside the determination, remanded the matter to the board for decision on the application for the continuance of the enlarged dry cleaning business and to supply the grounds for its determination. It further directed that public notice and hearing be given and all interested parties be permitted to introduce proof in support of or in opposition to said application.

On March 6, 1956 the board granted a variance in the application to the premises here involved of the use district regulations under subdivision (c) of section 7 of the Zoning Resolution of the City of New York for a term of two years. On October 23, 1957 the intervenors requested an extension of the term of the variance for the period of two years from March 6, 1958 to March 6, 1960. Thereupon, the board, without public notice, extended the term of the variance for five years from November 19, 1957.

We hold the absence of public notice of hearing as to the extension of the use variance was not a jurisdictional defect. (See *Ottinger* v. *Arenal Realty Co.,* 257 N. Y. 371.) However, notice to the petitioners would have been eminently desirable in the circumstances of this case.

Since the remand to the board is required in any event, we do not disturb the order insofar as it directed the giving of notice for any further hearing. As a practical matter the giving of such notice is now all but moot.

Section 7 of the Zoning Resolution of the City of New York provides:

" 7. *Use District Exceptions.* The Board of Standards and Appeals may, in appropriate cases, after public notice and hear-

ing, and subject to appropriate conditions and safeguards, determine and vary the application of the use district regulations herein established in harmony with their general purpose and intent as follows:

" * * *.

" (c) Permit the extension of an existing or proposed building into a more restricted district under such conditions as will safeguard the character of the more restricted district; permit, where premises are devoted to a non-conforming use, a new building or structure or the extension of an existing building or use into a more restricted district or into a district restricted against the proposed use under such conditions as will safeguard the character of the district ".

Some of us believe that the board had no power to grant the extension under subdivision (c). Those of us who so believe agree with the interpretation placed upon the section by the petitioners that subdivision (c) authorizes the board to permit the extension of lawful existing nonconforming uses " into " more restricted districts with due regard to the general purpose of the Zoning Resolution, and does not empower the board under subdivision (c) to authorize changes in the use of buildings from one nonconforming use to another within the same district which is the relief sought in the instant application. (See *Matter of Reed* v. *Board of Stds. & Appeals,* 255 N. Y. 126.) In that case, application was made under subdivision (c) to permit a part of a proposed theatre to be built in a residence district. The greater part of the lot on which the theatre was to be erected was in a business district and the variance sought was one to permit a small portion of the theatre to extend into the residence district, to wit, 25 feet on 72nd Street, and 19 feet, 8 inches on 71st Street.

We do not, however, at this time disturb the action of the board on that ground in view of its apparently broad powers under subdivision (e) of section 7 which provides: " (e) Permit, for a stated term of years, buildings and uses not in conformity with the requirements of this article and not otherwise specifically provided for in this section ". (Cf. *Matter of Thomas* v. *Board of Stds. & Appeals,* 290 N. Y. 109; *People ex rel. Smith* v. *Walsh,* 240 N. Y. 606.)

The direction of Special Term remanding the proceeding, however, so that the board supply its grounds for granting an extension, particularly one of five years' duration, is correct. Thus whatever action the board may take, its determination will be more readily reviewable with reference to arbitrariness or reasonableness. In so directing a remand, the board is free to

consider the matter *de novo* without limitation by reason of its prior determination.

The final order should be affirmed, without costs.

BREITEL, J. P., RABIN, M. M. FRANK and STEVENS, JJ., concur.

Final order so appealed from, in all things, unanimously affirmed, without costs.