■ In the Matter of CEDAR LANE HEIGHTS CORP., Respondent, v. JOHN MAROTTA, as Building Inspector of the Town of Ossining, Appellant.— In a proceeding under article 78 of the Civil Practice Act, the Building Inspector of the Town of Ossining appeals from an order of the Supreme Court, Westchester County, dated April 19, 1962, which granted the petitioner's application and directed the Building Inspector to issue a building permit for the construction of an apartment development as requested in said application. Order affirmed, with costs. Petitioner applied for a building permit to erect garden-type apartment buildings and filed with the Building Inspector plans and specifications for the proposed construction. Petitioner was notified that said plans and specifications complied with the local Building and Zoning Ordinances and that the permit would issue upon approval of a site plan by the Planning Board of the town. The site plan was submitted and was approved, as amended, by resolution of the Planning Board. Petitioner thereafter requested the issuance of the permit, but it was refused by the Building Inspector on the ground that " he had been instructed by the Supervisor of the Town of Ossining to withhold its issuance." Special Term granted the application to direct the Building Inspector to issue the permit. The Building Inspector contends that his refusal to issue the permit was neither arbitrary nor illegal since petitioner did not have the site plan approved by the Planning Board after a public hearing. Subdivision 1 of section 276 of the Town Law requires a public hearing " to approve plats showing lots, blocks or sites, with or without streets or highways ". The site plan here involved was not the subdivision plat intended by the section. A plat is a subdivision of land into lots, streets and alleys (*Gannett* v. *Cook*, 245 Iowa 750). Although a public hearing is required before plats are approved, no such public hearing is required before a site plan is approved. Beldock, P. J., Kleinfeld and Rabin, JJ., concur; Christ and Brennan, JJ., dissent and vote to reverse the order and to deny the application, with the following memorandum: The proposed construction is of garden-type apartment buildings on an undeveloped tract of land of approximately 6.7 acres. The town Building Inspector

viewed the proposed project as one involving such an expanse of land area as should be passed upon by the Planning Board of the town upon the basis of a plat as contemplated by section 276 of the Town Law. He gave notice to petitioner to this effect. We do not regard the exercise of his judgment and his action to be unreasonable, arbitrary or otherwise improper, especially since the Town Ordinance No. 35 requires site plan approval by the Planning Board where the proposal is to construct more than two dwelling units. Apparently, the petitioner itself accepted this view as to the nature of the project. Accordingly, it submitted its site plan to the Planning Board. Under the circumstances, we do not believe this controversy may correctly be determined on the premise that the site plan is not a plat such as was contemplated by section 276 of the Town Law. That section requires the Planning Board to hold a public hearing, on published notice, within 30 days after submission of the plat, on the question of whether the board should approve the plat. No such hearing having been held, the action of the board was a nullity (cf. *Watkins* v. *Gormley,* 59 N. Y. S. 2d 747; *Matter of Cobb* v. *Board of Appeals of City of Buffalo,* 128 Misc. 67). The 30-day period within which the hearing should have been held had not expired when the Building Inspector refused to issue a permit. Hence, the provision of subdivision 1 of section 276 of the Town Law that, in the event a hearing be not held within that time, the "plat shall be deemed to have been approved" is not applicable. It follows, therefore, that the Building Inspector was without authority to issue a building permit and that the relief sought in this proceeding should not be granted. Petitioner failed to establish a clear right to such relief (see *Matter of National Sur. Co.* v. *Wallace,* 221 App. Div. 506).