■ In the Matter of WOODBURY HOLDING CORP. et al., Respondents, v JOHN W. BURKE et al., Constituting the Town Board of the Town of Oyster Bay, Appellants.—In a proceeding pursuant to CPLR article 78 *inter alia* to compel the Town Board of the Town of Oyster Bay to grant petitioners' application for an extension of a special use permit for the construction of a theater, the appeal is from a judgment of the Supreme Court, Nassau County, dated January 29, 1976, which (1) denied appellants' motion to dismiss the proceeding and (2) directed them to grant the extension. Judgment modified by deleting therefrom the direction that appellants grant the extension "forthwith", and substituting therefor a provision directing appellants to entertain the application for an extension of the special use permit. As so modified, judgment affirmed, without costs or disbursements. Petitioners' application in 1967 for a special use permit to construct a theater in the Plainview Shopping Center was granted on July 15, 1969, following a direction to that effect by a court order issued in 1967, which order was not appealed. The requisite building permit, pursuant to the special use permit, did not issue until September 14, 1971. The delay was occasioned by further Federal and State litigation and other matters not here germane. We note, however, that by the date of the building permit, the special use permit had technically expired pursuant to section 41 of the town's building zone ordinance. That section provides, in relevant part, that "any and all special exceptions and special use permits issued pursuant to the provisions of this Ordinance shall become null and void unless the holder of the special exception or special use permit obtains a certificate of occupancy and/or a certificate of compliance within one (1) year from the date of the resolution granting the said special exception permit, except, that the board which authorized the said use may, by resolution grant an extension of time wherein its sole discretion there appears *[sic]* to be extenuating circumstances warranting the said extension." The foundation of the theater was completed; no other construction was undertaken although the building permit was extended several times up to March, 1974. On a request for a further extension at that time, petitioners were informed that the building permit could not be extended because the special use permit had expired. On their petition requesting that the special use permit be extended, petitioners were informed that the permit had expired, under the provisions of section 41 of the building zone ordinance, and that a new application was required, i.e., petitioners must begin as they had in 1967. Petitioners instituted the instant proceeding alleging, *inter alia,* that the area in which the theater was to be located was unchanged; that they had experienced corporate and economic difficulties in completing construction heretofore; that they were able to do so now; and that the petitioner lessee, RKO-Stanley Warner Theaters Corp., faced forfeiture· of a $250,000 completion bond (on July 15, 1976) if the permit was not timely extended. Appellants moved pursuant to CPLR 7804 (subd [f]) to dismiss the proceeding on the

ground that the petition fails to allege facts upon which the relief sought may be granted. Essentially, appellants' position was that there was no valid permit before them and, therefore, there was nothing for them to consider. Further, they contended that they had done nothing to impede construction under the extended building permits and that the failure to complete construction was petitioners' sole responsibility. Special Term denied appellants' motion, annulled the "determination to deny an extension of the special-use permit" and, upon a balancing of the equities, directed that the extension of the previously issued special use permit be granted forthwith. Special Term's findings on the equitable considerations were that: (1) no material or significant change of circumstances had occurred; (2) the initial grant of the special use permit had been valid; (3) petitioners had expended substantial time and money in furtherance of the construction and development of the motion picture theater; and (4) petitioners would suffer serious economic harm if the permit was denied, whereas appellants would not be prejudiced by a further extension of the permit. Special Term relied upon *Matter of Lefrak Forest Hills Corp. v Galvin* (40 AD2d 211, affd 32 NY2d 796), a case which we find inapposite in the circumstances pertaining at bar. The narrow threshold question of whether it was proper to deny appellants' motion to dismiss the petition on the ground that they could not review an application for an extension of a nonexistent permit should be answered in the affirmative. The language of section 41 allows the board, in its discretion, to grant an extension if there be extenuating circumstances. There is no prohibition on considering an extension if the application therefor is not made within the year. A letter dated July 17, 1969, from appellants to petitioners, which was not before Special Term, recites such a prohibition; it is, however, without force to alter the ordinance. The denial of appellants' motion, on the ground that their own ordinance permits them to consider petitioners' application for an extension of the special permit, has the effect of directing appellants to consider the application. Until they have done so, it is premature for a court to direct the extension. We will not presume that an interpretation of the ordinance by appellants to mean that they could not entertain the extension is tantamount to a rejection of the extension after it has been considered. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.