HON. ARTHUR J. LYONS County Attorney, Putnam County
This is in response to the letter of Constantine Mularadelis, Assistant County Attorney, wherein he asks for an opinion of the Attorney General if a town planning board, authorized by a town board to review site plans pursuant to Town Law, § 274-a, must submit the proposed site plan to the county planning board for its review under General Municipal Law, § 239-m, if within the distance specified in that statute.
Town Law, § 274-a, together with General City Law, § 30-a and Village Law, § 7-725, constitute chapter 272 of the Laws of 1976, which chapter was adopted to expand the powers of city, town and village planning boards to include the review of site plans.
Town Law, § 274-a, provides in part:
 "1. a. Planning board approval of site plans. The town board may, as part of a zoning ordinance adopted pursuant to this article or by local law adopted pursuant to other enabling law, authorize the planning board to review and approve, approve with modifications or disapprove site plans, prepared to specifications set forth in the said zoning ordinance or local law and/or in regulations of the planning board, showing the arrangement, layout and design of the proposed use of the land shown on such plan. * * *"
General Municipal Law, § 239-m, provides in part:
 "In any city, town or village which is located in a county which has a county planning board, commission or other agency, hereinafter referred to as a county planning agency * * * each municipal body which has jurisdiction to adopt or amend zoning regulations, or to issue special permits or grant variances pursuant to such regulations, shall, before taking final action on certain of such matters, refer the same to such county, metropolitan or regional planning agency. The term `special permit' shall be deemed to include any special permit, use permit, exception, or other special authorization which a board of appeals, planning board or legislative body is authorized to issue under the provisions of any zoning ordinance.
 "The matters covered by this section shall include: (a) any municipal zoning regulation, or any amendment thereof, which would change the district classification of or the regulations applying to real property lying within a distance of five hundred feet from the boundary of any city, village, or town, or from the boundary of any existing or proposed county or state park or the recreation area, or from the right-of-way of any existing or proposed county or state parkway, thruway, expressway, road or highway * * * and (b) any special permit or variance affecting such real property within such distance of five hundred feet. * * *"
The matters covered by the preceding section are expressly limited to variances, special permits and any municipal zoning regulation or any amendment thereof, which would change the district classification of or the regulations applying to real property lying within the distance prescribed in the section. There is no authorization for the review of site plans, nor can such authorization be reasonable inferred; in fact, the Legislature found it necessary to adopt section 239-n as part of the General Municipal Law to authorize a county to review certain subdivisionplats lying within the distance prescribed in that statute. Furthermore, the Court in Cedar Lane Heights Co. v Marotta, 17 A.D.2d 651 (2d Dept., 1962), stated that a site plan was not a subdivision plat as described under Town Law, § 276.
From all of the foregoing, we conclude that when city, town and village planning boards are empowered to review site plans, such site plans are not reviewable by county planning agencies under General Municipal Law, § 239-m even though such site plans are located within the distance provided by such section.