■ GINA PETROLEUM, INC., Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF WAPPINGER, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Wappinger, dated May 14, 1985, which, after a hearing, denied the petitioner's application for a six-month extension of a previously issued variance, without prejudice to a new application for a variance, the petitioner appeals from (1) a judgment of the Supreme Court, Dutchess County (Donovan, J.), dated November 6, 1985, which dismissed the petition, and (2) an order of the same court, dated January 15, 1986, which denied the petitioner's motion for reargument.

Ordered that the appeal from the order is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

On January 10, 1984, the Zoning Board of Appeals of the Town of Wappinger (hereinafter the board) granted the petitioner's application for a use variance, enabling it to expand its gas station and service facilities. Pursuant to the terms of Town of Wappinger Zoning Ordinance § 515.5, the variance would expire if work authorized pursuant to the variance was not initiated within one year from the date of the issuance of the variance. The petitioner did not commence construction within the one-year period. Approximately three months after the variance expired, the petitioner applied for a six-month extension of the duration of the variance, running from the date of the granting of the extension. The only excuse proffered for not seeking an extension prior to the expiration of the variance was the illness of the petitioner's principal officer's sister. The board declined to entertain the application for an extension of the variance, without prejudice to the petitioner making an application for another variance or a special exception permit. Thereafter, the petitioner commenced the instant proceeding pursuant to CPLR article 78, contending that the respondent's determination not to enter-

tain the application was arbitrary, capricious and affected by an error of law. The court dismissed the petition, concluding that the board did not have the power to consider an extension of a variance that had already expired. While we agree as to the dismissal of the petition, we disagree with the Supreme Court's rationale.

Town of Wappinger Zoning Ordinance § 514.2 provides, in pertinent part, that "[w]here there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this Ordinance, the Board of Appeals shall have the power, in passing upon appeals, to vary or modify the application of any of the regulations or provisions of this Ordinance relating to the use, construction, or alteration of buildings". Similar language in General City Law § 81 (4) was construed, in *Matter of Scarpati v Feriola* (8 AD2d 111, 115, *appeal dismissed* 7 NY2d 724), as giving the Board of Appeals in that case the power to vary or modify the time limitations contained in the provisions of a city's zoning ordinance. The rationale of *Feriola* applies to the instant appeal. The provisions of the one-year time limitation for use variances is part of the Town of Wappinger Zoning Ordinance, which the board has the power to modify, both pursuant to section 514.2 of the same ordinance and Town Law § 267 (5). "It is not necessary * * * that power be granted by the zoning ordinance specifically to vary or modify the time provisions of [§ 515.5] because the power to vary or modify *any* of the provisions of the zoning ordinance is specifically granted by the cited sections of the statute and the ordinance * * * The power of the Board to vary or modify the application of any of the regulations or provisions with respect to construction includes the power to vary provisions relating not only to the manner of construction, but also to the time of construction" *(Matter of Scarpati v Feriola, supra,* at 115-116). The language of Town of Wappinger Zoning Ordinance § 514.2 and Town Law § 267 (5) allows the board, in its discretion, to grant an extension if there are practical difficulties or unnecessary hardships. There is no prohibition on consideration of an extension if the application therefor is not made within the time limitation, i.e., one year *(see, Matter of Scarpati v Feriola, supra)*. Consequently, a dismissal of the petition on the ground that the board lacked the power to consider the petitioner's application for an extension of a use variance is erroneous.

Nonetheless, an affirmance of the judgment is warranted. Upon reviewing the record, we do not agree with the conclusion of the Supreme Court, Dutchess County, that the board's

determination necessarily rested upon the view that it lacked the power to review the application. Rather, we conclude that the board, after a short hearing, refused to entertain the application upon the ground of untimeliness.

The purpose " 'for imposing a time limitation in the grant of a special permit or variance, it would seem, is to insure that in the event conditions have changed at the expiration of the period prescribed the board will have the opportunity to reappraise the proposal by the applicant in the light of the then existing facts and circumstances if the latter still desires to proceed' " *(Matter of Dil-Hill Realty Corp. v Schultz,* 53 AD2d 263, 267, quoting from *Matter of Goodwin [Town of Greenburgh],* NYLJ, July 5, 1962, at 10, col 1). Although remitting the matter to the board to consider an untimely application for an extension of a variance would be appropriate if the board erroneously was of the belief that it *could not* consider the untimely application *(see, Matter of Woodbury Holding Corp. v Burke,* 53 AD2d 617), here the board *chose not* to consider the application, in the exercise of its discretion, upon the ground that it was not timely made prior to the expiration of the one-year limitations period. The board's determination not to consider the application, without prejudice to the petitioner making a new application for a variance or a special exception permit, was not an improvident exercise of discretion, in view of the policy behind such time limitations, the absence of a reasonable excuse for not seeking an extension prior to the expiration of the variance, and the failure of the petitioner to allege any hardship resulting from the failure to grant the extension *(cf., Matter of Woodbury Holding Corp. v Burke, supra).* Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.