■ In the Matter of FRANK PETRONELLA, Appellant, v ZONING BOARD OF APPEALS OF THE CITY OF YONKERS et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Yonkers (hereinafter zoning board), dated March 18, 1986, which granted the respondent Yonkers Rehabilitation Center, Inc. a use variance, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered October 31, 1986, which confirmed the determination and dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with one bill of costs.

We agree with the Supreme Court that the zoning board's determination to grant the use variance, which was made after a public hearing, was based upon substantial evidence in the record and was not arbitrary or capricious (see, Matter of Fiore v Zoning Bd. of Appeals, 21 NY2d 393, rearg denied 21 NY2d 1040; Matter of Point Lookout Civic Assn. v Zoning Bd. of Appeals, 94 AD2d 744; Matter of Consolidated Edison Co. v Hoffman, 43 NY2d 598).

The petitioner's contention that he was denied due process is without merit (see, Zelenski v Incorporated Vil. of Patchogue, 51 AD2d 1055). The record shows that he attended the hearing before the zoning board and, in fact, voiced his objections to the granting of the variance. Therefore, he was not prejudiced by the failure to receive written notice.

We find that the petitioner's remaining contentions are without merit. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.