■ In the Matter of AMERICAN RED CROSS, TOMPKINS COUNTY CHAPTER, Respondent, v BOARD OF ZONING APPEALS OF THE CITY OF ITHACA, Appellant.—Kane, J. Appeal from a judgment of the Supreme Court (Rose, J.), entered August 25, 1989 in Tompkins County, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's request for an area variance.

In 1986, petitioner applied for an area variance for deficiencies in lot frontage, sideyard measurement and parking for certain real property it owned on West Court Street in the City of Ithaca, Tompkins County. The variance was needed to allow petitioner's conversion of a building at the rear of its property into a five-bedroom shelter for the homeless. Respondent granted the area variance on the condition that petitioner obtain additional parking. Pursuant to the City of Ithaca Municipal Code, the variance was effective only if petitioner was issued a building permit within one year of obtaining the variance. Petitioner failed to obtain the building permit within that time and, in February 1989, applied again for the necessary area variance. Respondent denied the application this time, finding that petitioner's proposed parking was inadequate, that petitioner's practical difficulty in complying with the zoning ordinance was self-imposed and that those two factors created a hardship upon a neighbor.

Petitioner then commenced the instant proceeding seeking a judgment annulling respondent's determination and directing respondent to issue the area variance. Supreme Court found that the 1986 and 1989 applications were essentially the same and that the record failed to support respondent's determination insofar as it was based on a change in conditions occurring since petitioner was first granted a variance in 1986. The court annulled the determination and remanded the matter to respondent with the direction that the variance be granted, conditioned on petitioner providing sufficient off-site parking to comply with current municipal requirements. This appeal by respondent followed.

We affirm. "[A]n area variance may be granted on a showing of practical difficulty" *(Gregory v Town of Cambria,* 69 NY2d 655, 656; *see, Matter of Fuhst v Foley,* 45 NY2d 441).

Here, respondent determined in 1986 that "[p]ractical difficulties were shown" and that a conditional area variance would satisfy any parking requirements. Respondent now argues that certain conditions regarding the property, including the requirements in the municipal code regarding off-site parking, had changed significantly since petitioner's first application in 1986, such that respondent could conduct a new review of the entire 1989 application. We disagree. Although respondent may deny a reapplication for a variance upon the expiration of a time limitation imposed thereon *(see, Gina Petroleum v Zoning Bd. of Appeals,* 127 AD2d 560), such denial must be premised on a change in the relevant conditions surrounding the application *(see, supra; see also, Matter of Dil-Hill Realty Corp. v Schultz,* 53 AD2d 263, 267). Absent such material changes, respondent is bound to its earlier decision *(see, Jensen v Zoning Bd. of Appeals,* 130 AD2d 549, 550, *lv denied* 70 NY2d 611; *Bernstein v Board of Appeals,* 60 Misc 2d 470, 474) and may not refuse a variance previously granted on a prior finding of practical difficulty *(cf., Matter of Dil-Hill Realty Corp. v Schultz, supra).* In our view, the record contains insufficient evidence evincing a change in circumstances sufficient to support respondent's reversal of its previous position. Supreme Court found no new evidence undermining respondent's earlier finding of practical difficulty or that the area variance created a hardship to a neighboring landowner. With regard to changes in the city's off-site parking requirements, respondent could have imposed a condition similar to that contained in the 1986 variance and we note that Supreme Court conditioned its direction to respondent to grant the variance on petitioner's compliance with the city's parking requirements. Accordingly, the judgment should be upheld.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.