■ In the Matter of KAREN GRANDO et al., Appellants, v TOWN OF ISLIP et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Islip Zoning Board of Appeals dated December 6, 1988, which denied the petitioners' application for a variance, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Kitson, J.), entered August 4, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners are the owners of real property which is presently improved with a one-family residence. The property is situated in a residence A zoning district in the Town of Islip. Before June 1, 1988, the petitioners erected, without a building permit, an extended deck, Jacuzzi and swimming pool. On June 1, 1988, the Town issued two appearance tickets to the petitioner Karen Grando, which charged her with violation of the Islip Town Code §§ 68-40 and 68-210, for maintaining the deck, Jacuzzi and swimming pool, which did not appear on the certificate of occupancy for the property and for which no building permits had been issued.

On June 17, 1988, the petitioners applied for a building permit for the deck, Jacuzzi and swimming pool, and to construct a gazebo. The application was denied because the petitioners failed to procure the necessary area variances.

The petitioners then applied to the Town of Islip Zoning Board of Appeals for the area variances. The Board denied the petitioners' application, finding that any hardship or difficulty demonstrated was created by the petitioners themselves, and that the neighbors could have never expected "structures like this to have been built affecting their light, air, ventilation and privacy".

The petitioner then commenced the instant proceeding to review the denial of their application by the Board. The Supreme Court dismissed the proceeding on the ground that the Board's determination was supported by substantial evidence. We agree. "It is a well-established principle of law that local zoning boards possess discretionary authority to consider applications for variances and the judicial function is limited

to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion *(see, e.g., Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Matter of Cowan v Kern,* 41 NY2d 591, 599 * * *; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702). If the zoning board's determination has a rational basis and is supported by substantial evidence it will ordinarily be sustained by the courts *(Matter of Fuhst v Foley, supra; Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 138)" *(Matter of Sorrenti v Siegel,* 138 AD2d 382, 383-384).

In the matter before us, the petitioners failed to carry their burden of establishing that the denial of their application for an area variance would result in practical difficulty or significant economic injury. Furthermore, the record fails to show that as a practical matter the petitioners cannot utilize their property or the structure located thereon without coming into conflict with the restrictions of the zoning ordinance *(see, Matter of Mizrachi v Siegel,* 160 AD2d 801, 803, *supra,* citing *Matter of Fuhst v Foley,* 45 NY2d 441, 445). It is clear from the record that the variances have been sought merely to accommodate a chosen aesthetic design *(see, Matter of Mizrachi v Siegel, supra,* at 803, citing *Matter of RRI Realty Corp. v Hattrick,* 132 AD2d 558). Any "difficulty" alleged by the petitioners was self-created. Thus, it cannot be said that the Board abused its discretion when it denied the petitioners' application for the area variances *(see, Matter of Mizrachi v Siegel, supra,* at 803).

Furthermore, contrary to the petitioners' contention, they were not denied due process by the Board's failure to notify them of the second of two public hearings. No new testimony was accepted at this hearing, and the Board merely rendered its decision *(see, Matter of Petronella v Zoning Bd. of Appeals,* 138 AD2d 712). Bracken, J. P., Brown, O'Brien and Ritter, JJ., concur.