■ In the Matter of PHILIP J. MARZOCCO, Doing Business as THE DOLL HOUSE, Appellant, v CITY OF ALBANY et al., Respondents. [629 NYS2d 847] —Mercure, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered June 29, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent City of Albany Board of Building, Zoning and Housing Appeals denying petitioner's request for a use variance.

In 1990, petitioner purchased property in the City of Albany that had been operated as a restaurant and tavern licensed by the State Liquor Authority for the previous 25 to 30 years. At the time of the purchase, the tavern business catered principally to the area gay population, featuring male strippers as entertainment, and constituted a prior nonconforming use in a C-2 Highway Commercial zone (subsequently reclassified as a C-3 Central Business zone) of the City. Petitioner changed the character of the business in June 1993 by offering topless female dancers as entertainment. In September 1993 petitioner further modified the use by surrendering his license to sell alcoholic beverages and establishing a "juice bar", offering totally nude female dancers and "erotic entertainment", and applied to respondent City of Albany Board of Building, Zoning

and Housing Appeals (hereinafter respondent) for a use variance. Respondent denied the request, prompting petitioner to commence the instant CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Initially, we agree with Supreme Court that there is a rational basis and substantial evidence in the record to support respondent's factual determination that petitioner's change in the character of his property was sufficient to require a use variance (*see, Matter of Oreiro v Board of Appeals*, 204 AD2d 964; *Matter of Aboud v Wallace*, 94 AD2d 874; *see also, Matter of Cowan v Kern*, 41 NY2d 591, 598). Notably, the abandonment of petitioner's tavern trade and surrender of his liquor license freed him from the restrictions (and the public from the protections) of the Alcoholic Beverage Control Law and the rules of the State Liquor Authority. In the same connection, the primary purpose and profit motive of the business changed from the sale of food and beverages, with adult entertainment a mere incidental attraction, to the exhibition of nude dancing, thereby effecting a fundamental change in the character of the clientele and, as a consequence, the impact of the business on the neighborhood.

We also agree with Supreme Court that respondent's decision to deny petitioner's request for a use variance was based upon substantial evidence in the record and was neither arbitrary and capricious, an abuse of discretion nor affected by an error of law (*see, Matter of Cowan v Kern, supra*, at 598; *see also, Matter of Fuhst v Foley*, 45 NY2d 441, 444-445). Notably, petitioner failed to establish any of the three elements for a use variance: (1) the land cannot yield a reasonable return absent the variance, (2) the problems are due to "unique" circumstances and not to the general condition of the area, and (3) the grant of a variance will not result in a change in the neighborhood's character (*see, Matter of Village Bd. v Jarrold*, 53 NY2d 254, 257; *Matter of Courtney v City of Albany Bd. of Zoning Appeals*, 177 AD2d 820; *Matter of Howes v Langendorfer*, 137 AD2d 960, 961).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.