■ VERSTANDIG'S FLORIST, INC., Petitioner, v BOARD OF APPEALS OF THE TOWN OF BETHLEHEM, Respondent. [645 NYS2d 635] —White, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which ruled that petitioner's construction of a temporary greenhouse required a use variance.

In 1932, petitioner's predecessors in title began growing horticultural products in open fields on property located in the Town of Bethlehem, Albany County, on which they also established a sales outlet. In 1944, the Town adopted a zoning ordinance which placed petitioner's property in a "Residential A and AA" zoning district in which a horticultural business was not permitted. Nevertheless, petitioner has been allowed to continue its business as a prior nonconforming use and, on three occasions, has obtained variances to expand it.

On April 19, 1994, Robert Verstandig, petitioner's president, began erecting a temporary greenhouse on the property. He was immediately cited by the Town's Building Inspector for erecting a structure without obtaining a building permit and for expanding a nonconforming use. Following a hearing, respondent, citing the statutory definition of "temporary greenhouse",* concluded that petitioner did not need a building permit but that the construction of the greenhouse amounted to an expansion of the nonconforming use that required a use variance. Petitioner then commenced this CPLR article 78 proceeding challenging the latter conclusion.

Initially, we note that Supreme Court should not have transferred the proceeding to this Court (*see, Matter of Supkis v Town of Sand Lake Zoning Bd. of Appeals*, 227 AD2d 779). However, as the complete record is before us, we will determine the matter in the interest of judicial economy (*see, Matter of Kidd-Kott Constr. Co. v Lillis*, 124 AD2d 996, 997).

---

* This definition, contained in Executive Law § 372 (19), reads in pertinent part: " 'Temporary greenhouse' means specialized agricultural equipment having a framework covered with demountable polyurethane materials * * * and lacking a permanent and continuous foundation, which is specifically designed, constructed and used for the culture and propagation of horticultural commodities."

We begin our analysis by noting that we may not substitute our judgment for that of respondent so long as respondent's determination is rational and not arbitrary and capricious (*see, Matter of Sasso v Osgood,* 86 NY2d 374, 384, n 2; *Matter of M & M Partnership v Sweenor,* 210 AD2d 575, 577). We are also mindful that the public policy is to restrict nonconforming uses in order to eliminate them (*see, Matter of Oreiro v Board of Appeals,* 204 AD2d 964, 965).

As the record indicates that petitioner's nonconforming use applied to its entire parcel and as there is insufficient evidence establishing an abandonment thereof, the determinative issue is whether the temporary greenhouse can be considered an accessory use which does not require a variance. Under the doctrine of accessory use, a landowner is permitted to maintain an accessory use in conjunction with a permitted nonconforming use if the accessory use is truly incidental to the nonconforming use and does not change the basic nature of the use of the property (Annotation, Addition of Another Activity to Existing Nonconforming Use as Violation of Zoning Ordinance, 61 ALR4th 724, 786). Illustrative of an accessory use is the employment of a rock crusher in a quarrying operation (*see, James H. Maloy, Inc. v Town Bd.,* 92 AD2d 1056). A ready example in this situation would be the installation of irrigation equipment in the fields since that would be a minor use of the property, compatible with its primary use—the propagation of horticultural commodities in open fields (*see, supra,* at 1057).

In our view, while the temporary greenhouse will be utilized for the propagation of horticultural commodities, it cannot be considered an accessory use because it will transform the basic nature of the present use in that it will result in the abandonment of open field cultivation in favor of cultivation inside a controlled environment where plants are grown in containers. Accordingly, we find that respondent's determination is rational and is in accord with public policy relating to nonconforming uses (*see, Matter of Upper Delaware Ave. Assn. v Fritts,* 124 AD2d 273, 274, *appeal dismissed, lv denied* 69 NY2d 933). Hence, we shall confirm it.

Casey, Yesawich Jr., Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.