Lahtinen, J.
Appeal from a judgment of the Supreme Court (Sise, J.), entered April 4, 2002 in Fulton County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the City of Gloversville, inter alia, denying its application for a use variance.
Petitioner purchased its facility for use in leather coloring and finishing in the City of Gloversville, Fulton County at a time when the property was zoned for any manufacturing use. Thereafter, the property was reclassified as an “M-l” district where no uses were permitted as of right. Petitioner continued operating as a nonconforming use and, in October 2000, purchased beaming equipment. Beaming is the dehairing stage of leather processing entailing, among other things, the use of certain chemicals. Petitioner applied for a zoning permit to allow beaming on its property and the application was denied by respondent Robert Robbins, the Building and Plumbing Inspector for respondent City of Gloversville, who determined that beaming was not permitted in an M-l district.
Petitioner appealed to the City’s Zoning Board of Appeals (hereinafter ZBA) challenging Robbins’s interpretation of the City’s zoning ordinance and, alternatively, seeking a use variance to permit beaming. Over the course of several public hearings, the ZBA upheld Robbins’s determination that beaming was not an allowable activity in an M-l district, heard testimony on petitioner’s application for a use variance and considered the financial records submitted by petitioner. The ZBA denied petitioner’s application for a use variance in March 2001.
Petitioner commenced the current proceeding and, in November 2001, Supreme Court upheld the ZBA’s interpretation of the zoning ordinance as not permitting beaming in the M-l district. Supreme Court did not, however, reach the merits regarding the denial of a use variance since it found the record inadequate. Consequently, the court remitted the matter for the ZBA to “make findings that correlate the evidence in the record to the standards governing the issuance of a use variance and indicate what evidence it acted upon in reaching its determination.” Thereafter, the ZBA set forth the reasons for its prior denial of petitioner’s application, including a failure to establish financial hardship. Supreme Court found such reason sufficiently supported by the record and dismissed the petition. This appeal ensued.
Initially, we find unpersuasive petitioner’s contention that beaming is permitted under the current zoning of its property. Petitioner premises this argument upon the fact that beaming *656 is not specifically mentioned as a prohibited activity in the City’s zoning ordinance. The relevant section of the zoning ordinance, however, states that no uses are permitted as of right in an M-l district. Moreover, subject to site plan review, leather processing is specifically permitted in an M-2 district. Therefore, it is readily apparent from reading the provisions of the zoning ordinance regarding M-l and M-2 districts that leather processing is not a permitted use in an M-l district.
Petitioner further argues that beaming is an accessory use to its prior nonconforming use. While “the overriding policy of zoning is aimed at the ultimate elimination of nonconforming uses” (Matter of Syracuse Aggregate Corp. v Weise, 51 NY2d 278, 284 [1980]; see Matter of Toys “R” Us v Silva, 89 NY2d 411, 417 [1996]), a property owner is allowed to have an accessory use of the property so long as such use is “truly incidental to the nonconforming use and does not change the basic nature of the use of the property” (Verstandig’s Florist v Board of Appeals of Town of Bethlehem, 229 AD2d 851, 852 [1996]; see Matter of Gilchrist v Town of Lake George Planning Bd., 255 AD2d 791, 792 [1998]). It is undisputed that petitioner engaged in only the coloring and finishing of leather that had already been beamed and tanned elsewhere. Although beaming is a necessary stage in the overall processing of leather, it is a discrete process that is not incidental to finishing and coloring. It involves, among other things, the introduction of chemicals not previously used at petitioner’s facility and, as noted by Supreme Court, petitioner described the addition of beaming as an expansion of the existing use. We are not convinced that petitioner. established that beaming would be accessory to its current nonconforming use.
Petitioner next argues that the ZBA erred in denying its application for a use variance. Zoning boards are afforded considerable discretion and their determinations are generally not disturbed if they have a rational basis and are supported by substantial evidence (see Matter of Marzocco v City of Albany, 217 AD2d 872, 873 [1995]). A party seeking a use variance must establish “(1) that the property cannot yield a reasonable return if used for permitted purposes as currently zoned, (2) that the hardship results from unique characteristics of the property, and (3) that the proposed use will not alter the character of the neighborhood” (Matter of Conte v Town of Norfolk Zoning Bd. of Appeals, 261 AD2d 734, 735-736 [1999]; see General City Law § 81-b [3]). To satisfy the first requirement, the landowner “must demonstrate factually, by dollars and cents proof, an inability to realize a reasonable return under existing permissible *657 uses” (Matter of Village Bd. of Vil. of Fayetteville v Jarrold, 53 NY2d 254, 256 [1981]). Petitioner’s submissions included financial statements for approximately 2V2 years prior to May 1999, handwritten ledgers of accounts payable and receivable from 1999 and 2000, and a typed statement from petitioner’s president. There is little development or explanation of petitioner’s financial information in the record. As noted by Supreme Court, the financial information appears to reflect a modest profit. In any event, there was not a “detailed economic analysis” (Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals, 95 NY2d 437, 441 [2000]) and, thus, we are not persuaded that the ZBA’s determination, that petitioner failed to meet this first requirement, lacked a rational basis (see Matter of Eck v City of Kingston Zoning Bd. of Appeals, 302 AD2d 831 [2003]; cf. Matter of Supkis v Town of Sand Lake Zoning Bd. of Appeals, 227 AD2d 779 [1996]).
Petitioner further argues that it was denied due process because, after Supreme Court remitted the matter to the ZBA, the ZBA failed to give notice of its subsequent meeting. However, the meeting was held for the ZBA to memorialize its prior decision by setting forth the reasons for that decision, and no new evidence was received or considered. Under such circumstances, the failure to notify petitioner, while certainly not a laudable procedure, did not constitute a denial of due process (see Matter of Grando v Town of Islip, 172 AD2d 663, 664 [1991]).
Petitioner’s remaining arguments have been considered and found either unpreserved or unpersuasive.
Mercure, J.P, Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.