In the Matter of CENTER SQUARE ASSOCIATION, INC., et al., Appellants, v CITY OF ALBANY BOARD OF ZONING APPEALS et al., Respondents. (Proceeding No. 1.) In the Matter of ELISE VAN ALLEN et al., Appellants, v CITY OF ALBANY BOARD OF ZONING APPEALS et al., Respondents. (Proceeding No. 2.) [798 NYS2d 756]—

Kane, J. Appeal from a judgment of the Supreme Court

(Benza, J.), entered December 6, 2004 in Albany County, (1) which dismissed petitioners' application, in a combined proceeding No. 1 pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent City of Albany Board of Zoning Appeals, inter alia, granting respondent McLaughlin Limited Partnership use and area variances, and (2) which dismissed petitioners' application, in proceeding No. 2 pursuant to CPLR article 78, to review a determination of said Board granting an extension of said variances.

In December 2001, respondent McLaughlin Limited Partnership (hereinafter the partnership) purchased property at 329 State Street in the City of Albany. The property previously contained 19 apartments as a nonconforming use in a district zoned for one or two-family row houses. In mid-March 2001, Albany fire officials vacated the building and had the power disconnected. On May 30, 2001, respondent City of Albany Board of Zoning Appeals (hereinafter Board) declared the property a general nuisance and rescinded the nonconforming use status. On May 11, 2002, the partnership applied for use and area variances in order to renovate the building into 13 apartments. By decision dated January 29, 2003, following a vote on December 12, 2002, the Board granted those variances. Petitioners commenced a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment to, among other things, contest the Board's grant of these variances. Due to this litigation,* the partnership made no improvements in the building as authorized by the variances. On April 8, 2004, because of the delay resulting from the litigation, the partnership requested an extension of its variances, which the Board granted on April 14, 2004. Petitioners commenced proceeding No. 2 to contest the grant of the extension. Supreme Court dismissed both petitions, leading petitioners to appeal.

Prior to its noticed public meeting, the Board, as was its custom, held an informal open meeting about which no public notice was given. At this meeting, the Board was briefed by the staff of the Department of Development and Planning concerning the agenda for the noticed meeting, as well as the positions of the planning staff on the agenda items. Although the unnoticed meeting arguably violated the Open Meetings Law (*see Matter of Goodson Todman Enters. v City of Kingston Common Council*, 153 AD2d 103, 105 [1990]), because the determination

---

* Petitioner's first proceeding resulted in Supreme Court remanding to the Board for further findings. Proceeding No. 1 initially resulted in a dismissal for lack of standing, which was modified by this Court and remitted to Supreme Court (9 AD3d 651 [2004]).

at issue was adopted at a publicized, public meeting and the informal meeting was open to the public and did not include any deliberations or votes, we find that petitioners have not shown good cause to declare the Board's action void (*see* Public Officers Law § 107 [1]; *Matter of New York Univ. v Whalen*, 46 NY2d 734, 735 [1978]; *Matter of Malone Parachute Club v Town of Malone*, 197 AD2d 120, 124 [1994]). Petitioners' contentions regarding the Board's alleged violations of the Freedom of Information Law are not before us because they were not included in the petitions, nor does the record contain any Freedom of Information Law requests or denials. ·

Supreme Court appropriately declined to disturb the Board's decision to grant the partnership the use and area variances. Zoning boards relieve the pressures created by imperfect land-use controls, and help interpret and implement variance ordinances as " 'safety valve[s]' for the zoning system, which enables the board to do substantial justice between the owner who wishes to improve his property and the owners of nearby property that will be affected by the building to be erected" or improved (*Matter of Cobb v Board of Appeals of City of Buffalo*, 128 Misc 67, 67 [1926]; *see* 2 Salkin, New York Zoning Law and Practice § 27.09, at 27-15 [4th ed]). Zoning boards are afforded considerable discretion in granting or denying use and area variances, and their determinations should not be disturbed if they have a rational basis and are supported by substantial evidence (*see Matter of Androme Leather Corp. v City of Gloversville*, 1 AD3d 654, 656 [2003], *lv denied* 1 NY3d 507 [2004]). Keeping this in mind, the applicant for a use variance bears the burden of showing the zoning board that restrictions on the property have caused an unnecessary hardship, "which requires a showing that (1) the property cannot provide a reasonable return as it is currently zoned, (2) the hardship results from the unique characteristics of the property, (3) the proposed use will not alter the nature of the neighborhood, and (4) the hardship was not self-imposed" (*Matter of Diana v City of Amsterdam Zoning Bd. of Appeals*, 243 AD2d 939, 940 [1997]; *see* General City Law § 81-b [3] [b]). The Board reasonably determined that the partnership proved each of these elements.

The partnership provided "dollars and cents proof" that converting the building from 19 apartments to two would not be financially feasible, and that 13 apartments was the minimum number that would yield the renovator a reasonable return on its investment (*see Matter of Androme Leather Corp. v City of Gloversville, supra* at 656-657; *compare Matter of Conte v Town of Norfolk Zoning Bd. of Appeals*, 261 AD2d 734, 736

[1999]). It was reasonable for the Board to accept this economic analysis over contrary information provided by petitioners. The property was unique, considering that it was the second largest building on the block and previously contained 19 apartments. The Board also reasonably determined that granting a use variance would not alter the neighborhood, especially since the renovations would include significantly fewer apartments than had previously been in the same building and numerous other multiple-family and commercial buildings already exist on the same block.

A hardship is considered self-imposed if the variance applicant purchased the property subject to the restrictions and was aware of the zoning restrictions at the time that it purchased the property (see Matter of Diana v City of Amsterdam Zoning Bd. of Appeals, supra at 940). A member of the partnership averred that he, a real estate broker, was aware that the zoning ordinance permitted a nonconforming use to continue if the building had been vacant less than one year and he therefore believed that the property could still contain multiple apartments (see Matter of Conte v Town of Norfolk Zoning Bd. of Appeals, supra at 738 [stating that use variances run with the land]; Matter of Diana v City of Amsterdam Zoning Bd. of Appeals, supra at 940 [noting that prior use may have led applicant to believe proposed use was grandfathered]). The partnership apparently was unaware that the Board's declaration of the property as a general nuisance abrogated the property's nonconforming use status, but even that determination seemed to invite future owners to apply for variances for multiple apartments. Under the circumstances, the Board could have rationally decided that the hardship here was not self-imposed.

The Board also rationally decided that an area variance, relieving the partnership from the requirements regarding off-street parking for each apartment, was appropriate. The only alternatives would be for the partnership to demolish part of the building to provide parking spaces or find spaces on another nearby lot which it would have to buy or lease. Three parking spaces are available in a garage on the property. Considering that the building previously had six additional apartments with the same parking situation, granting the area variance would not measurably alter the neighborhood (see General City Law § 81-b [4] [b]). Opposition from neighbors, without more, is insufficient to deny a variance (see Matter of Allen v Zoning Bd. of Appeals of City of Kingston, 8 AD3d 810, 811 [2004]).

The Board's grant of an extension of the variances was not an

abuse of its discretion. Initially, the decision on the extension stated that it granted an extension related to its previous determination, which granted both the area and use variances. Thus, despite the Board's statement in the beginning of its decision that the partnership sought an extension of the use variance, the decision extended both variances, as the Board clarified in a later determination. The partnership reasonably delayed renovations because litigation regarding its variances was pending, and most lenders are unwilling to finance construction while litigation is pending regarding the property, providing a reason the extension was needed. The Court of Appeals has held that an application for an extension need not be treated as a new application, with the applicable notice and hearing requirements (*see Matter of New York Life Ins. Co. v Galvin*, 35 NY2d 52, 59 [1974]). In fact, if an extension application was treated as a reapplication based on the expiration of the variance's time limitation, a denial would have to be premised on a change in the relevant circumstances (*see Matter of American Red Cross v Board of Zoning Appeals of City of Ithaca*, 161 AD2d 878, 879 [1990]), and there is no proof of a change in circumstances here. Hence, the Board appropriately granted the partnership's request for an extension of both its variances.

We have reviewed petitioners' remaining arguments and find them to be without merit.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.