■ In the Matter of EDWARD HALPERIN et al., Petitioners, v BOARD OF APPEALS ON ZONING OF CITY OF NEW ROCHELLE et al., Respondents. [809 NYS2d 112]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Appeals on Zoning of the City of New Rochelle dated February 8, 2005, which granted the request of the respondent Young Israel of New Rochelle for an extension of the terms of certain area variances previously granted on February 4, 2003, in connection with the proposed construction of a house of worship.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs to the respondents.

The Supreme Court erroneously transferred this proceeding to this Court pursuant to CPLR 7804 (g) (*see Matter of Sasso v Osgood,* 86 NY2d 374, 384 n 2 [1995]; *Matter of Halperin v Board of Appeals on Zoning of City of New Rochelle,* 24 AD3d 768 [2005] [decided herewith]). Nonetheless, this Court will decide the case on the merits in the interest of judicial economy (*see Matter of Halperin v Board of Appeals on Zoning of City of New Rochelle, supra; Seaview Assn. of Fire Is. v Department of Envtl. Conservation of State of N.Y.,* 123 AD2d 619 [1986]).

Contrary to the petitioners' contention, the respondent Board of Appeals on Zoning of the City of New Rochelle (hereinafter the Zoning Board) had authority to extend the term of any area variance it had previously granted to the respondent Young Israel of New Rochelle (hereinafter Young Israel) (*see Matter of New York Life Ins. Co. v Galvin,* 35 NY2d 52, 59-60 [1974]; *Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals,* 19 AD3d 968, 971-972 [2005]; *Gina Petroleum v Zoning Bd. of Appeals of Town of Wappinger,* 127 AD2d 560 [1987]; *Matter of Scarpati v Feriola,* 8 AD2d 111, 115-116 [1959]; *see also* General City Law § 81-b [2], [4]).

Moreover, the Zoning Board's grant of an extension was not an abuse of discretion. Young Israel reasonably delayed commencement of construction because litigation regarding its variance application was pending, thus providing a reason as to why the extension was needed (*see Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals, supra* at 972).

The Court of Appeals has held that a request for an extension of a variance need not be treated as a new application, and is therefore not subject to otherwise applicable public notice and hearing requirements (*see Matter of New York Life Ins. Co. v Galvin, supra* at 59; *see also Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals, supra* at 972; *Matter of New York Life Ins. Co. v Murdock,* 8 AD2d 191, 192 [1959]). Thus, the Zoning Board's determination may not be challenged on that ground. Because the Zoning Board nonetheless heard and considered both oral and written objections to the extension at a public meeting, there is no basis in any event for the petitioners' contention that the determination was invalid for lack of notice or a public hearing (*see Matter of Petronella v Zoning Bd. of Appeals of City of Yonkers,* 138 AD2d 712 [1988]).

Therefore, the Zoning Board appropriately granted Young Israel's request for an extension of all 12 of its variances.

The petitioners' remaining contention is without merit. Prudenti, P.J., S. Miller, Spolzino and Dillon, JJ., concur.