In the Matter of AMERICAN TRANSIT, INC., Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [816 NYS2d 156]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Dispute Resolution Officer of the New York City Transit Authority, dated April 7, 2003, which denied the application of American Transit, Inc., for return of money held by the New York City Transit Authority as a setoff pursuant to a contract, the appeals are from (1) an order of the Supreme Court, Kings County (G. Aronin, J.), dated October 4, 2004, which granted the petition and annulled the determination, and (2) a judgment of the same court (Knipel, J.), dated December 21, 2004, which, upon the order, is in favor of American Transit, Inc., and against the New York City Transit Authority.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the petition is denied, the proceeding is dismissed, and the determination of the Dispute Resolution Officer of the New York City Transit Authority is reinstated; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the intermediate order must be dismissed, because an order made in a CPLR article 78 proceeding is not appealable as of right (*see* CPLR 5701 [b] [1]) and, in any event, any right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The contract between the petitioner and the appellant contained a mechanism for resolving disputes arising out of the contract. It provided for submission of the dispute to the appellant's Dispute Resolution Officer (hereinafter the DRO), acting personally, whose decision would be final and binding on the parties. The petitioner could secure review of the DRO's deter-

mination by way of a proceeding pursuant to CPLR article 78, but article 211 (c) of the contract provided that the court's review was "to be limited to the question of whether or not the DRO's determination is arbitrary, capricious or so grossly erroneous as to evidence bad faith."

In the dispute that is the subject of this proceeding, the DRO rendered a decision relying, inter alia, on the appellant's Prompt Payment Rules, which give the appellant the right to set off or reduce future payments to the petitioner "for any extra-contractual claim for liability or damages of any nature." The DRO, consequently, ruled that the appellant could withhold from future payments to the petitioner a sum representing the petitioner's overpayments of utility taxes for which the appellant had already reimbursed the petitioner, pending the outcome of the petitioner's application for the refund of those tax overpayments.

The Supreme Court erred in overturning the DRO's ruling as arbitrary and capricious on the ground that Tax Law § 171-f (3) contains a provision for offsets against tax refunds more restrictive than the appellant's Prompt Payment Rules contemplate. Aside from the inapplicability of Tax Law § 171-f (3) to the New York City Utility Tax (*see* Tax Law § 171-f [1]), if the DRO erred in applying the Prompt Payment Rules, this would not render his determination "arbitrary, capricious or so grossly erroneous as to evidence bad faith." To the contrary, the record discloses a rational basis for the DRO's determination (*cf. Maross Constr. v Central N.Y. Regional Transp. Auth.*, 66 NY2d 341, 346-347 [1985]; *Matter of Halperin v Board of Appeals on Zoning of City of New Rochelle*, 24 AD3d 767, 768 [2005]). Schmidt, J.P., Crane, Spolzino and Covello, JJ., concur.