◼ In the Matter of PREL 32 REALTY, LLC, Appellant, v RICHARD I. SCHEYER, Chairman, Board of Zoning Appeals of the Town of Islip, et al., Respondents. [946 NYS2d 227]—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Islip dated April 14, 2009, which, after a hearing, denied the petitioner's application to establish a legal nonconforming use on the subject premises, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Farneti, J.), dated May 2, 2011, which, upon an order of the same court dated March 17, 2011, denying the petition, dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, a rational basis supports the determination of the Zoning Board of Appeals of the Town of Islip (hereinafter the ZBA) that the petitioner impermissibly changed the use of the subject premises from residential to both residential and commercial by fencing off a garage on the premises and permitting it to be used as an accessory structure by a business conducted from an adjacent parcel (see Code of Town of Islip § 68-3 [B]; § 68-15 [A]; see generally *Matter of Zupa v Zoning Bd. of Appeals of Town of Southold*, 31 AD3d 570, 571 [2006]; *Matter of Androme Leather Corp. v City of Gloversville*, 1 AD3d 654, 656 [2003]; *Verstandig's Florist v Board of Appeals of Town of Bethlehem*, 229 AD2d 851, 852 [1996]). Accordingly, the Supreme Court properly denied the petition to annul the ZBA's determination (see generally *Matter of Palm Mgt. Corp. v Goldstein*, 29 AD3d 801, 803 [2006], affd 8 NY3d 337 [2007]), and dismissed the proceeding on the merits. Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur.