■ SJL REALTY CORP., Respondent, v CITY OF POUGHKEEPSIE, Appellant.—In an action for a declaration that a lien and levy against the plaintiff's premises are null and void, the defendant appeals from an order of the Supreme Court, Dutchess County (Benson, J.), entered February 11, 1987, which denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the action as untimely.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

The plaintiff seeks a judgment declaring null and void a lien and levy which were charged against its property pursuant to the Code of the City of Poughkeepsie § 12-23.2. That section authorizes the Corporation Counsel to commence an action against a property owner to recover civil penalties imposed for violations of the Code of the City of Poughkeepsie. It also provides that any judgment shall constitute a lien and, upon filing the judgment with the Commissioner of Finance, that the amount of judgment shall be added to and become a part of the next annual assessment roll.

The plaintiff acquired title to the property in August 1982. Shortly before the plaintiff's acquisition of title, the defendant had commenced an action pursuant to section 12-23.2 against a predecessor in title and, in November 1982 obtained judgment which, it is alleged, "was added to the tax levy" in November 1984. The plaintiff commenced the instant action in August 1986.

The gravamen of the plaintiff's complaint is that the defendant, during the course of the litigation against the prior owner, failed to give notice, as the plaintiff claims is required by Code of the City of Poughkeepsie § 12.42. The plaintiff alleges that, in "creating" and "causing" the lien and levy,

the defendant acted in excess of its governmental authority *(cf.,* CPLR 7803 [2]), that the judgment against the prior owner was "not obtained in conformance with Article 12 of the City Code" *(cf.,* CPLR 7803 [3]), and that applying the judgment as a lien against the plaintiff's property is violative of the plaintiff's due process rights. The defendant moved to dismiss on the ground that the action is barred by the Statute of Limitations applicable to CPLR article 78 proceedings (CPLR 217). The motion should have been granted.

If issues presented in a declaratory judgment action could have been raised in a proceeding pursuant to CPLR article 78, that action must be brought within four months of the act giving rise to the litigation *(see, Press v County of Monroe,* 50 NY2d 695; *Solnick v Whalen,* 49 NY2d 224). An article 78 proceeding cannot be used to challenge the constitutionality of a general legislative act, but the fact that an attack on another kind of governmental act is mounted in constitutional terms does not render review pursuant to CPLR article 78 unavailable.

In this case the act of "causing" and "creating" the lien and levy are not legislative, but are rather essentially administrative and ministerial duties imposed by legislation. If the performance of such duties is to be judicially reviewed, a proceeding pursuant to CPLR article 78 is the appropriate vehicle for doing so *(cf., Matter of Town of Arietta v State Bd. of Equalization & Assessment,* 56 NY2d 356; *Renley Dev. Co. v Town Bd.,* 106 AD2d 717). The plaintiff urged before the court of first instance that it does in fact challenge the validity of the underlying legislation. However, we can discern no such attack from any fair reading of the complaint. Accordingly, the complaint should be dismissed (CPLR 217, 3211 [a] [5]). Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.