■ In the Matter of JOHN DODSON, Appellant, v PLANNING BOARD OF THE TOWN OF HIGHLANDS, Respondent.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (LaCava, J.), entered May 30, 1989 in Orange County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondent's determination denying that part of petitioner's application for site plan approval regarding an underground propane distribution system.

In September 1986, petitioner applied to respondent for special use permits and site plan approval for the development of Corbin Hill, a mixed-use building project consisting of apartment complexes, town houses and commercial space to be constructed in the Town of Highlands, Orange County. As part of the project, petitioner proposed to install an 18,000-gallon liquid propane storage tank and underground pipelines to distribute the gas to buildings within the development. Respondent adopted a resolution granting the requested spe-

cial use permits and site plan approval but rejected the part of petitioner's application providing for the propane storage and distribution system due to "the inherent safety and environmental issues raised by such system".

Following commencement of a CPLR article 78 proceeding, a public hearing was held pursuant to an order of Supreme Court, and testimony was given by Emerson Thomas, a consultant in the propane gas industry, and Elbert Stillwagon, a member of the National Educational Committee of the L. P. Gas Association. By resolution adopted December 15, 1988, respondent again denied petitioner's application for the propane gas distribution system finding, *inter alia,* that: "There is no federal, state, or county agency responsible for the inspection and approval of the installation of the facility and for its operation and maintenance thereafter. * * * This proposed use is not in harmony with and does not promote the general purposes and intent of the Town Zoning Ordinance. * * * The risk of catastrophic accident [is] greatly increased by the location of a proposed propane gas system on the site." Respondent further noted that there were alternative energy sources available and that the Fort Montgomery Fire Department had "declined to advise" it that there was an adequate water distribution system or fire-fighting equipment to protect the proposed development and adjoining properties in the event of fire in the propane gas system. Petitioner thereafter commenced this CPLR article 78 proceeding seeking a declaration that respondent's refusal to permit the installation of the propane gas system was (1) in excess of its authority and (2) arbitrary and capricious. Supreme Court dismissed the petition. Petitioner now appeals.

Initially, we reject petitioner's contention that *Moriarity v Planning Bd.* (119 AD2d 188, *lv denied* 69 NY2d 603) compels a finding that respondent acted in excess of its authority in denying the request for the propane gas system. There, a village planning board, relying only on the "general welfare" language contained in the enabling legislation, denied site plan approval on the ground of inadequate fire protection in the area. The Second Department concluded that the "general welfare" provision "did not authorize Planning Boards to assume the powers of building or fire inspectors to deny building permits because of fire protection concerns" *(supra,* at 198-199). Here, in contrast, respondent based its denial of the propane gas system on the specific criteria and standards set forth in section 30.25 of the Town of Highlands Zoning Ordinance, including whether the proposed use is in harmony with

the over-all purpose of the ordinance, whether the plot area is adequate or appropriate for the proposed use, the effect of the proposed use on adjacent properties and whether the site is particularly suited for the location of such use. More importantly, unlike the petitioner in *Moriarity,* petitioner here was granted the requested use permits, received site plan approval and was only denied permission to construct the gas distribution system. It is well settled that a planning board "may validly impose reasonable conditions on the approval of a site plan" *(Holmes v Planning Bd.,* 78 AD2d 1, 12; *see, Matter of Dexter v Town Bd.,* 36 NY2d 102, 105; 2 Anderson, New York Zoning Law and Practice § 24.06, at 271 [3d ed]), and the only remaining inquiry is whether the condition imposed was reasonable *(cf., Matter of Janiak v Planning Bd.,* 159 AD2d 574).

Contrary to Supreme Court's conclusion, we agree with petitioner that respondent's findings are not supported by substantial evidence. Here, after petitioner offered the expert testimony of Thomas and Stillwagon as to the industry's safety record and the specific design of the proposed system, respondent found, *inter alia,* that the site was not particularly suitable for the system. Specifically, respondent objected to (1) the location of the gas storage tank in a densely populated area adjacent to the town's major thoroughfare, (2) the fact that there does not appear to be any agency directly responsible for the installation, maintenance and operation of the system, and (3) the failure of the local fire department to express an opinion as to whether it had an adequate water supply or the necessary equipment to fight a propane fire should one occur.

With respect to the size of the tank and its location in the community, respondent cites the testimony of several local citizens who collectively expressed concern about the possibility of a gas leak or explosion. Because none of the citizens demonstrated any expertise concerning the propane gas industry, however, their complaints amounted to nothing more than unsubstantiated fears, providing an impermissible basis for respondent's determination *(see, Bongiorno v Planning Bd.,* 143 AD2d 967, 968). In contrast, petitioner offered expert testimony regarding the design and construction of the tank and the various safety devices in place and the expert opinion that it was virtually impossible for the tank to explode. Moreover, respondent's concern that there is no governmental agency directly responsible for the system does not support its determination. Thomas testified that the plans and specifica-

tions for the system met the applicable standards of the National Fire Protection Association, and petitioner testified that he would provide a 24-hour alarm system, qualified personnel to inspect during the roughly 10 annual gas deliveries, and periodic reports as required by the Federal Energy Regulatory Commission.

As for the adequacy of the town's water supply, both Thomas and Stillwagon testified that 500 gallons per minute would be sufficient to handle any problem with the tank, and Stillwagon, who was a fire commissioner in a nearby community and a member of the county hazardous materials team, testified that the fire districts in the area had many times the capacity needed to produce the necessary volume of water. In light of this testimony, respondent erred in drawing a negative inference from the local fire department's silence on this issue and in allowing the inference to form the basis for its determination. We also note that the distribution system has been designed in such a way that it can be converted to natural gas when and if it becomes available.

Where, as here, the grounds for denial are contrary to the undisputed evidence *(see, Matter of C & B Realty Co. v Town Bd.,* 139 AD2d 510, 511) or " 'based upon general objections or conclusory findings without evidentiary support in the record' " *(Matter of Lee v Zoning Bd. of Appeals,* 122 AD2d 423, 424, quoting *Matter of Sullivan v Town Bd.,* 102 AD2d 113, 115, *appeal dismissed* 63 NY2d 952), the denial cannot be supported. Based upon the foregoing, we conclude that respondent's determination was arbitrary, capricious and unsupported by substantial evidence in the record.

Judgment reversed, on the law, with costs, determination annulled and petition granted. Weiss, Mikoll, Mercure and Harvey, JJ., concur.

Kane, J. P., dissents and votes to affirm in a memorandum.

Kane, J. P. (dissenting). In my view there is substantial evidence in the transcript of the two public hearings held herein to support respondent's determination denying site plan approval for an underground propane gas distribution system of the magnitude proposed for this development.*

The record demonstrates that petitioner was granted special exception use permits and site plan approval for a 120-unit residential development together with an 18,000 square foot shopping center for retail and office use on approximately 25

---

* The plan for the entire system was not presented to the Board until the final court-ordered hearing on October 25, 1985.

acres of land located in a high density residential area. The only restrictions imposed upon the development was the rejection of petitioner's proposed use of a liquid propane gas storage and distribution system for cooking and heating at the various buildings. In doing so, respondent acted within its power to impose conditions upon the site plan approval, which is beyond our review as long as there is a rational basis for the determination and the restriction imposed is reasonable *(see, Matter of Janiak v Planning Bd.,* 159 AD2d 574). Moreover, where, as here, the matter is expressly within respondent's jurisdiction, its decision may be based upon a determination that the proposal will be deleterious to the health, safety and general welfare of the community *(see,* Town Law § 274-a [1]; Town of Highlands Municipal Code §§ 30.2, 30.25; *Matter of Grossman v Planning Bd.,* 126 AD2d 887).

Contrary to the conclusions of the majority, in my view there is an adequate basis for the conditions imposed by respondent. The statements of the town building inspector on October 26, 1988 support respondent's findings as to the inspection, maintenance and operation of the distribution system. Moreover, petitioner's own expert admitted that the ultimate responsibility for inspection and regulation of the system rested with the town. He also stated that there is no State or other governmental agency with the authority to make the required inspections.

I also take issue with the majority's conclusion that none of the local citizens speaking at the hearings demonstrated "any expertise concerning the propane gas industry" and "their complaints amounted to nothing more than unsubstantiated fears". The record is to the contrary. Mary Hanson, the building inspector, by her questions and comments demonstrated personal knowledge of problems of inspection and responses to emergencies in the area. In addition, Robert Barnes stated he made inspections for the State Police in the field of hazardous materials transportation and exhibited a "hands on" knowledge of problems in the propane industry, and Lisa Hanson, a corporate safety director in the chemical industry, addressed the critical question of maintenance and inspection of the distribution system itself, a substantial portion of which runs underground in areas where it could be subject to rupture or fracture. The real concern evidenced by this record is not necessarily with the 18,000-gallon storage tank, but with the distribution system, its numerous valves, fittings and smaller tanks and the numerous opportunities for leaks and fractures and the experienced response time in

emergency. These complaints of local citizens should not be rejected out of hand as founded upon "unsubstantiated fears". Furthermore, I would note that petitioner's "experts", inasmuch as they are promoting the sale of the propane distribution system in the development, can hardly be considered disinterested witnesses.

Accordingly, on the record in its entirety, I would affirm the judgment dismissing the petition (see, Town of Hempstead v Goldblatt, 9 NY2d 101, 104-105, affd 369 US 590).