■ In the Matter of EXXON CORPORATION, Respondent, v ANN GALLELLI, as Chairperson of the Planning Board of the Village of Croton-on-Hudson, et al., Appellants. [597 NYS2d 139] —In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Village of Croton-on-Hudson, dated August 28, 1990, which denied the petitioner's application for site plan approval, the Planning Board appeals from a judgment of the Supreme Court, Westhchester County (Carey, J.), entered January 25, 1991, which annulled the determination.

Ordered that the judgment is affirmed, without costs or disbursements. The Planning Board of the Village of Croton-on-Hudson is directed to grant the petitioner's application for site plan approval.

Contrary to the petitioner's contention, the Planning Board of the Village of Croton-on-Hudson was authorized to deny the

petitioner's application for site plan approval on aesthetic grounds. The Planning Board's denial of the petitioner's request to construct a canopy was essentially based on the proposed size and location of the canopy, which concerns affected matters expressly within the Board's jurisdiction *(see, Matter of Dodson v Planning Bd.,* 163 AD2d 804; *Bongiorno v Planning Bd.,* 143 AD2d 967; *Moriarty v Planning Bd.,* 119 AD2d 188; Village Law § 7-725; Code of the Village of Croton-on-Hudson § 230-69 [B]; § 230-2).

However, it is undisputed that the petitioner's proposed site plan conforms to existing zoning ordinances and substantial evidence to support the Planning Board's determination based on aesthetic factors is lacking here *(see, Matter of WEOK Broadcasting Corp. v Planning Bd.,* 79 NY2d 373; *Matter of C & A Carbone v Holbrook,* 188 AD2d 599; *Matter of Dodson v Planning Bd., supra; Matter of Veysey v Zoning Bd. of Appeals,* 154 AD2d 819; *Sackson v Zimmerman,* 103 AD2d 843). Although the Supreme Court annulled the Planning Board's determination, it failed to direct the Board to grant the application. We now do so.

In light of the foregoing, we do not reach the parties' remaining contentions. Bracken, J. P., Ritter, Copertino and Santucci, JJ., concur.