In the Matter of Long Island Pine Barrens Society, Inc., et al., Appellants, v Planning Board of the Town of Brookhaven et al., Respondents. [667 NYS2d 912] —In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Town of Brookhaven, dated March 25, 1996, which granted site plan approval for a parcel owned by the respondent Joseph Marando, and an action for a judgment declaring that Brookhaven Town Code § 85-45 is invalid, the petitioners appeal from so much of a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated February 27, 1997, as, upon, *inter alia,* a determination that the proceeding was solely one pursuant to CPLR article 78, denied the petition and dismissed the proceeding as untimely commenced.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that the petitioners were seeking relief under CPLR article 78 to review a determination of the Planning Board of the Town of Brookhaven

(hereinafter the Board), notwithstanding that they asserted a fifth cause of action seeking a declaration that Brookhaven Town Code § 85-45 was invalid as improperly enacted. As stated by the Supreme Court, it is clear that "the petitioners are not aggrieved by Code § 85-45 as it is written. Rather, they take umbrage at the manner in which respondents applied same". Since we also cannot discern an attack on the validity of the Code provision either in the record or appellants' brief, dismissal for failure to commence the proceeding within the time limits set out in Town Law § 274-a (11) was warranted (*see, Inserillo v State Tax Commn.*, 159 AD2d 488; *SJL Realty Corp. v City of Poughkeepsie*, 133 AD2d 682). Further, contrary to the petitioners' contentions, the statutory time period began to run when the determination of the Board was filed in the office of the Town Clerk of the Town of Brookhaven. That certain conditions had to be met before a final site plan could also be filed in no way lessened the impact of the Board's decision on the petitioners. The fact that the further approvals might be needed also does not detract from the finality and impact of that decision (*see, Matter of Westage Dev. Group v White*, 149 AD2d 790; *Matter of East Fishkill Fedn. for Envtl. Conservation Today v Ward*, 56 AD2d 652; *Coffee v Board of Trustees*, 22 AD2d 910). Sullivan, J. P., Pizzuto, Santucci and Florio, JJ., concur.