■ In the Matter of GREENLAWN CVS, INC., Respondent, v PLANNING BOARD OF THE TOWN OF HUNTINGTON, Appellant. [720 NYS2d 800] —In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Huntington dated November 4, 1998, granting the petitioner's application for site-plan approval only to the extent of allowing construction of a building not exceeding 6,000 square feet, the Planning Board of the Town of Huntington appeals from a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered September 10, 1999, which annulled the determination and directed it to grant the petitioner's application for site-plan approval for the construction of a building with an area of 10,125 square feet in compliance with applicable Town of Huntington regulations.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner filed an application for site plan approval to construct a retail store with an area of 10,125 square feet on its property in Greenlawn. The Planning Board of the Town of Huntington issued a findings statement and conditional site approval which contained mitigative measures including, *inter alia,* limiting the size of the store to 6,000 square feet. The mitigative measures were purportedly predicated on the effect the larger store would have on the existing character of Greenlawn.

The appellant's findings are not supported by the record and are therefore arbitrary and capricious (*see, Matter of Ernalex Constr. Realty Corp. v Bellissimo,* 256 AD2d 338, 340; *Bongiorno v Planning Bd.,* 143 AD2d 967), and not supported by substantial evidence (*see, City of Rye v Korff,* 249 AD2d 470). Accordingly, the Supreme Court properly annulled the determination. Friedmann, J. P., H. Miller and Schmidt, JJ., concur.

Goldstein, J., dissents and votes to reverse the judgment, on the law, and to dismiss the proceeding on the merits, with the following memorandum: In the determination under review, the Planning Board of the Town of Huntington (hereinafter the Planning Board) granted site-plan approval for the construction of a CVS pharmacy with an area of 6,000 square feet, instead of the 10,125 square-foot pharmacy proposed by the petitioner, Greenlawn CVS, Inc. At the time the application for site-plan approval was submitted, the property was owned by Friendly's Ice Cream Corporation and Citibank. The petitioner acquired title to the property in question while the application for site-plan approval was pending. Accordingly, at the time of purchase, it was well aware that it required site-plan approval to proceed with its plans.

Testimony was elicited at a public hearing that construction of the 10,125 square-foot store would change the character of the hamlet. In the determination under review, the Planning Board of the Town of Huntington restricted the size of the store to an area of 6,000 square feet, based on its finding that, since the average business size in Greenlawn is 2,500 square feet, a larger size would not be compatible with the rest of the hamlet.

Pursuant to SEQRA (*see,* ECL art 8), the Planning Board found that "it became apparent to the Planning Board as lead agency that said action to construct a 10,125 square foot CVS store is not in keeping with the established commercial or residential character of the hamlet of Greenlawn due to its proposed magnitude and its proposed affects [*sic*] said action may impose upon the community (i.e. potential for increased retail vacancy rates, in turn, affecting community character and property values)." These findings were supported by statements in the Draft Environmental Impact Statement, which described the project site as a "small village center" located in the "hamlet of Greenlawn."

ECL 8-0105 (6) defines "environment," *inter alia,* as "existing community or neighborhood character" (*see, Matter of Macchio v Planning Bd.,* 152 Misc 2d 622, 625). The Planning Board, as lead agency, was required to consider "potential long-term sec-

ondary displacement of residents and businesses in determining whether [the] proposed project may have a significant effect on the environment" (*Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 368). In *Chinese Staff & Workers,* the appellants argued that construction of luxury housing would "accelerate the displacement of local low-income residents and businesses," and the respondents countered that SEQRA does "not require consideration of any social or economic impacts" (*Chinese Staff & Workers Assn. v City of New York, supra,* at 363). The Court of Appeals found that the respondents' "limited view of the parameters of the term 'environment' is contrary to the plain meaning of SEQRA" (*Chinese Staff & Workers Assn. v City of New York, supra,* at 365).

An individual challenging a determination of the lead agency must, for standing purposes, show direct harm which is not purely economic (*see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761; *Sun Co. v City of Syracuse Indus. Dev. Agency,* 209 AD2d 34, 50). In this case, the concerns raised by the respondent were not purely economic in nature.

The Planning Board had the authority to consider the impact the action would have on the aesthetic resources of the community (*see, Matter of WEOK Broadcasting Corp. v Planning Bd.,* 79 NY2d 373, 385; *Matter of Macchio v Planning Bd., supra,* at 627). The claim that site-plan approval of a 10,125 square-foot store would change the character of the hamlet is supported by substantial evidence in the record.

The respondent does not dispute the factual findings that the average size of a business premises in Greenlawn is 2,500 square feet. Rather, it contends that "the Planning Board failed to offer any rationale as to how the 6,000 square foot building size limitation, rather than any other particular square foot limitation would achieve its objectives." The respondent is second-guessing the agency's choice of alternatives. However, the law is well settled that courts may not second-guess an agency's choice, which can be annulled only if arbitrary, capricious, or unsupported by substantial evidence (*see, Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400).

Accordingly, the judgment appealed from should be reversed, and the proceeding dismissed on the merits.