■ In the Matter of BRIAN W. CARROLL et al., Appellants, v YORKTOWN HEIGHTS FIRE DISTRICT et al., Respondents. [733 NYS2d 893] —In an hybrid proceeding, *inter alia*, pursuant to CPLR article 78, in effect, to compel the Town Board of the Town of Yorktown to "rehear and adopt its budget" for fiscal year 2000, and an action for a judgment declaring that the Yorktown Heights Fire District purchased certain property without legal authority or funds, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Leavitt, J.), dated September 20, 2000, as (1) dismissed as time-barred their cause of action for a judgment declaring that the Yorktown Heights Fire District purchased the subject property without legal authority or funds, and (2) dismissed, on the merits, their cause of action, in effect, to compel the Town Board of the Town of Yorktown to rehear and adopt its budget for fiscal year 2000.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The petitioners, resident taxpayers of the Town of Yorktown (hereinafter the Town) and the Yorktown Heights Fire District (hereinafter the Fire District), sought a judgment declaring that certain real property was purchased by the Board of Fire Commissioners of the Yorktown Heights Fire District (hereinafter the Board) in violation of General Municipal Law § 6-g (4) and to compel the Board to sell the property and return the proceeds to the general fund of the town to reduce the tax burden for fiscal year 2001.

The issues presented by the cause of action for a declaratory judgment should have been raised in a proceeding pursuant to CPLR article 78. Therefore, contrary to the petitioners' contention, the Supreme Court properly dismissed that cause of action on the ground that it was time-barred (see, CPLR 217 [1]; *SJL Realty Corp. v City of Poughkeepsie,* 133 AD2d 682, 683).

Moreover, as the Town's failure to affix the Fire District's budget to the proposed Town budget was "merely a defect in form," and caused no public injury, the Supreme Court properly dismissed the petitioners cause of action which was, in effect, to compel the Town to rehear and adopt its budget (see, *Matter of Korn v Gulotta,* 72 NY2d 363, 372).

The petitioners' remaining contentions are without merit. Ritter, J. P., H. Miller, Feuerstein and Prudenti, JJ., concur.