■ 420 Tenants Corp., Appellant, v EBM Long Beach, LLC, et al., Respondents. [838 NYS2d 649]—

In an action, inter alia, for a judgment declaring that an area variance dated May 3, 2005 was revoked, and to enjoin the defendants from issuing building permits, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Cozzens, J.), entered June 12, 2006, which granted those branches of the cross motions of the defendant EBM Long Beach, LLC, and the defendants Zoning Board of Appeals of the City of Long Beach and Scott Kemins, which were to dismiss the complaint insofar as asserted against them as time-barred pursuant to General City Law § 81-c (1) and denied the plaintiff's motion, in effect, for summary judgment as academic, and (2), as limited by its brief, from so much of an order of the same court entered July 26, 2006, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered June 12, 2006 is dismissed, as that order was superseded by the order entered July 26, 2006, made upon reargument; and it is further,

Ordered that the order entered July 26, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

On May 3, 2005 the Zoning Board of Appeals of the City of Long Beach (hereinafter the Board) issued a resolution granting the application of EBM Long Beach, LLC (hereinafter EBM), for an area variance for property located at 403 Boardwalk in Long Beach, Nassau County. The resolution provided that the variance would be automatically revoked if construction did not commence within nine months. On February 2, 2006, one day before the revocation date, EBM applied to the Board for an extension of time. The Board granted the application on March 2, 2006. On May 16, 2006, the plaintiff, a neighboring property owner, commenced this action contending that the Board had no authority to grant the extension once the revocation date had passed. The Supreme Court, inter alia, granted the defendants' respective cross motions to dismiss the complaint on the ground that the complaint was untimely pursuant to General City Law § 81-c (1). Upon granting reargument, the Supreme Court adhered to its original determination. The plaintiff appeals.

"Where a local land use agency acts without jurisdiction in approving or denying a site plan, special permit, or other land use application, a challenge to such an administrative action, as ultra vires, is not subject to the 30-day limitations period applicable to review of the site plan, special permit, or other land use determination" (*Matter of Eastport Alliance v Lofaro*, 13 AD3d 527, 529 [2004]; *see Matter of Foy v Schechter*, 1 NY2d 604, 615 [1956]; *Matter of South Shore Audubon Socy. v Board of Zoning Appeals of Town of Hempstead*, 185 AD2d 984 [1992]). However, it is a jurisdictional defect itself which renders agency action void and tolls the statute of limitations, not merely an allegation of such a defect (*see Stevens v American Water Servs., Inc.*, 32 AD3d 1188 [2006]; *Matter of Eastport Alliance v Lofaro*, 13 AD3d 527 [2004]; *Matter of Kuhn v Town of Johnstown*, 248 AD2d 828, 830 [1998]). Accordingly, "plaintiffs must show a jurisdictional defect in order to avoid the bar of the Statute of Limitations" (*Nager v Incorporated Vil. of Saddle Rock*, 140 Misc 2d 644, 646 [1988], *affd* 160 AD2d 785 [1990]).

A zoning board's authority to issue variances includes the authority to modify previously imposed time limitations if an application for an extension is made while the variance is still valid. Such an application need not be treated as a new application for which public notice and a hearing are necessary (*see Matter of New York Life Ins. Co. v Galvin*, 35 NY2d 52, 60 [1974]; *Matter of Halperin v Board of Appeals on Zoning of City of New Rochelle*, 24 AD3d 767 [2005]; *Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals*, 19 AD3d 968 [2005]; *Matter of Karmel v Delfino*, 293 AD2d 473 [2002]). EBM's application for an extension of time in which to commence construction was timely. Accordingly, the Board had the authority to grant the application. That the Board did not vote on the application until after the expiration of the time limit in the May 3, 2005 resolution does not alter the result (*see Matter of Ninnie v Gould*, 178 AD2d 832 [1991]; *Gina Petroleum v Zoning Bd. of Appeals of Town of Wappinger*, 127 AD2d 560 [1987]; *Matter of 230 Tenants Corp. v Board of Stds. & Appeals of City of N.Y.*, 101 AD2d 53 [1984]).

As the Board had the authority to make its March 2, 2006 determination, any challenge to that determination was subject to the 30-day statute of limitations contained in General City Law § 81-c (1). Accordingly, the complaint was properly dismissed as untimely. Miller, J.P., Mastro, Krausman and Carni, JJ., concur.