■ In the Matter of HAMPSHIRE MANAGEMENT CO., No. 20, LLC, Appellant, v PAUL J. FEINER et al., Respondents. [860 NYS2d 204]—

In a proceeding pursuant to CPLR article 78 to review a resolution of the respondent Town Board of the Town of Greenburgh dated April 6, 2006, which conditionally approved a portion of

the petitioner's amended site plan application, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (DiBella, J.), entered January 26, 2007, which granted the motion of the Town Board of the Town of Greenburgh to dismiss the proceeding as time-barred and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

Hampshire Management Co., No. 20, LLC (hereinafter Hampshire) commenced this proceeding pursuant to CPLR article 78 on August 7, 2006 seeking to set aside a resolution of the Town Board of the Town of Greenburgh (hereinafter the Town Board) filed on April 7, 2006 which approved an amended site plan on condition that an electrical transformer be relocated either to the location on the original approved site plan or to another suitable location approved by the Town Board. The Town Board moved to dismiss the proceeding as time-barred by the 30-day statute of limitations of Town Law § 274-a. The Supreme Court granted the motion and dismissed the petition. We affirm.

Hampshire contends that the statute of limitations is inapplicable, as the Town Board acted without jurisdiction and beyond the scope of its authority when it imposed a condition relating to the location of the electrical transformer. "Where a local land use agency acts without jurisdiction in approving or denying a site plan, special permit, or other land use application, a challenge to such an administrative action, as ultra vires, is not subject to the 30-day limitations period applicable to review of the site plan, special permit, or other land use determination" (*Matter of Eastport Alliance v Lofaro*, 13 AD3d 527, 529 [2004]; *see Matter of Foy v Schechter*, 1 NY2d 604, 615 [1956]; *Matter of South Shore Audubon Socy. v Board of Zoning Appeals of Town of Hempstead*, 185 AD2d 984 [1992]). However, it is a jurisdictional defect itself which renders agency action void and tolls the statute of limitations, not merely an allegation of such a defect (*see Stevens v American Water Servs., Inc.*, 32 AD3d 1188 [2006]; *Matter of Eastport Alliance v Lofaro*, 13 AD3d 527 [2004]; *Matter of Kuhn v Town of Johnstown*, 248 AD2d 828, 830 [1998]). Accordingly, "plaintiffs must show a jurisdictional defect in order to avoid the bar of the Statute of Limitations" (*Nager v Incorporated Vil. of Saddle Rock*, 140 Misc 2d 644, 646 [1988], *affd* 160 AD2d 785 [1990]).

Hampshire failed to establish a jurisdictional defect (*see 420 Tenants Corp. v EBM Long Beach, LLC*, 41 AD3d 641, 643 [2007], citing *Nager v Incorporated Vil. of Saddle Rock*, 140 Misc 2d 644, 646 [1988], *affd* 160 AD2d 785 [1990]). The Town

Board was authorized by both state statute and local law to consider the acoustic, visual, and otherwise aesthetic impact of the proposed land use on adjoining residential lands. Thus, the conditional approval did not constitute an exercise of power outside the scope of the Town Board's jurisdiction (*see* Town Law § 274-a [2] [a]; 1980 Town of Greenburgh Zoning Ordinance §§ 285-54 [D], [K]; *Matter of Exxon Corp. v Gallelli*, 192 AD2d 706, 706-707 [1993]; *Matter of Dodson v Planning Bd. of Town of Highlands*, 163 AD2d 804, 805-806 [1990]; *cf. Moriarty v Planning Bd. of Vil. of Sloatsburg*, 119 AD2d 188 [1986]), and the Supreme Court properly dismissed the proceeding, as Hampshire's petition was not timely under Town Law § 274-a (*see Matter of Elliot v Boycott*, 293 AD2d 676, 676-677 [2002]; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 247 AD2d 395, 395-396 [1998]). Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.