In the Matter of LODGE HOTEL, INC., Respondent-Appellant, v TOWN OF ERWIN PLANNING BOARD, Appellant-Respondent. [877 NYS2d 803]—

Appeal and cross appeal from a judgment (denominated order) of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered July 23, 2008 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, granted the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from a judgment granting the petition seeking to annul its determination denying petitioner's application for site plan approval for the construction of a Tractor Supply store in a B-2 Office/Commercial District and remitting the matter to respondent for approval of the site plan. We affirm. Contrary to the contention of respondent, the determination denying petitioner's application was "illegal, arbitrary and capricious, and irrational on the record before it" (*Matter of Southside Academy Charter School v City of Syracuse* [appeal No. 2], 32 AD3d 1295, 1296 [2006]; *see generally Matter of Violet Realty, Inc. v City of Buffalo Planning Bd.*, 20 AD3d 901, 902 [2005], *lv denied* 5 NY3d 713 [2005]; *Matter of McKennett v Hines*, 289 AD2d 246, 247 [2001]).

We agree with petitioner that respondent erred in denying its application on the ground that the site plan includes impermissible sidewalk retail pursuant to the Town of Erwin Zoning Law (Zoning Law). Although "sidewalk retail" is prohibited in the B-2 Office/Commercial District (*see* Zoning Law § 130-89 [D]), that term is not defined in the Zoning Law (*see* § 130-5 [B]), and we conclude that the term "sidewalk retail" is ambiguous. "Although a planning board's interpretation of a zoning ordinance is generally entitled to great deference . . . , there is a 'well-established but countervailing precept that zoning restrictions . . . must be strictly construed against the municipality [that] enacted and seeks to enforce them, and that any ambiguity in the language employed must be resolved in favor of the property owner' " (*Matter of Francis Dev. & Mgt. Co. v Town of Clarence*, 306 AD2d 880, 881 [2003]).

We further conclude that there is no basis in the record to support respondent's denial of the site plan application on the ground that certain outdoor storage and display areas constituted a "building" in excess of the size permitted in the B-2 Office/Commercial District. Those areas were neither roofed nor intended for shelter and thus do not constitute buildings within the meaning of the Zoning Law (*see* § 130-5 [B]; *see generally Southside Academy Charter School*, 32 AD3d at 1296). In addition, respondent's denial of the site plan application on the ground that those areas would create an appearance inconsistent with the surrounding area was irrational inasmuch as the landscaping incorporated in the site plan screens the alleged objectionable features from public view (*see generally Matter of Exxon Corp. v Gallelli*, 192 AD2d 706 [1993]). To the extent that respondent's denial of the site plan application was based on the ground that the proposed store was a nonconforming use under the Zoning Law, we note that respondent was bound by

the use variance previously granted by the Town of Erwin Zoning Board for the construction of the store (*see Matter of Gershowitz v Planning Bd. of Town of Brookhaven*, 52 NY2d 763, 765 [1980]; *Matter of Jamil v Village of Scarsdale Planning Bd.*, 24 AD3d 552, 554 [2005]). We reject respondent's alternative contention that Supreme Court erred in remitting the matter to respondent for approval of the site plan rather than for the purpose of permitting additional conditions to be included in the site plan (*see Matter of Viscio v Town of Guilderland Planning Bd.*, 138 AD2d 795, 798 [1988]).

Finally, we reject the contention of petitioner on its cross appeal that respondent's denial of the site plan application was frivolous (*see* 22 NYCRR 130-1.1 [c] [1]), and we thus conclude that the court did not abuse its discretion in denying petitioner's request for sanctions (*see generally Navin v Mosquera*, 30 AD3d 883, 883-884 [2006]). Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.