In the Matter of NADIA TAFT et al., Respondents, v VILLAGE OF NEWARK PLANNING BOARD, Appellant. [904 NYS2d 839]—

Appeal from a judgment (denominated order) of the Supreme Court, Wayne County (Daniel J. Doyle, J.), entered July 9, 2009 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, granted in part the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners commenced this proceeding seeking to annul respondent's determination denying their application for site plan approval of a 4,200-square-foot residence in an R-1 district to be used as a residence for the elderly, with 10 residents in addition to petitioners residing there. In seeking site plan approval, petitioners relied on section 170-8 of the Village of Newark Code, which sets forth the permitted uses in such a district. In particular, they relied on subdivision (G), which allows "[o]ther uses [apart from, e.g., a one-family dwell-

ing, a professional residence-office, or a school] upon the finding of [respondent] that such use is of the same general character as those permitted or which will not be detrimental to the other uses within the district or to the adjoining land uses." Supreme Court properly granted the petition to the extent of determining that the denial of the application was "arbitrary, capricious and an unwarranted exercise of [respondent's] discretion," and remitted the matter to respondent for further proceedings on the site plan application "limited solely to the factors set forth in Section 134-3 of the Newark Code." That section of the Newark Code is located in chapter 134, entitled "Site Plan Review," and it sets forth the "Factors for consideration." We agree with the court that respondent's findings that the proposed use would be detrimental to the other uses in the district or to the adjoining land uses were not supported by the record and were therefore arbitrary and capricious (*see Matter of Lodge Hotel, Inc. v Town of Erwin Planning Bd.*, 62 AD3d 1257 [2009]; *Matter of Greenlawn CVS v Planning Bd. of Town of Huntington*, 280 AD2d 601, 602 [2001], *lv denied* 96 NY2d 716 [2001]). Where, as here, a denial is " 'based upon general objections or conclusory findings without evidentiary support in the record,' " the denial must be set aside as arbitrary and capricious (*Matter of Dodson v Planning Bd. of Town of Highlands*, 163 AD2d 804, 807 [1990]; *see Matter of DeMarco v Village of Elbridge*, 251 AD2d 991, 992 [1998]). Present—Centra, J.P., Fahey, Peradotto, Lindley and Pine, JJ.