# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1324**

**CA 13-00795**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF ALLEGANY WIND LLC,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

PLANNING BOARD OF TOWN OF ALLEGANY,
RESPONDENT-RESPONDENT.

---

YOUNG/SOMMER LLC, ALBANY (J. MICHAEL NAUGHTON OF COUNSEL), FOR
PETITIONER-APPELLANT.

HODGSON RUSS LLP, BUFFALO (DANIEL A. SPITZER OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Cattaraugus County
(Michael L. Nenno, A.J.), entered February 28, 2013 in a proceeding
pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
to challenge respondent's denial of its request for a second one-year
extension of a special use permit and site plan approval previously
issued to petitioner for its proposed 29-turbine wind farm (hereafter,
project) in the Town of Allegany (Town). Supreme Court properly
dismissed the petition. We reject petitioner's contention that the
denial by respondent of its request for an extension of the special
use permit was arbitrary and capricious. As a general rule, where a
party applies for an extension of a special use permit previously
issued, the applicant "must be afforded an opportunity to show that
circumstances have not changed, and a denial of extension will only be
sustained if proof of such circumstances is lacking" (Patricia E.
Salkin, 2 New York Zoning Law & Practice § 29:34; *see generally Matter
of Dil-Hill Realty Corp.*, 53 AD2d 263, 267). Moreover, "[a] board has
substantial discretion in dealing with requests for an extension of a
durational limitation" (Terry Rice, *2005-2006 Survey of New York Law,
Zoning Law*, 57 Syracuse L Rev 1455, 1470; *see generally 420 Tenants
Corp. v EBM Long Beach, LLC*, 41 AD3d 641, 643). A board may not,
however, "base its determination on 'generalized community
objections' " (*Matter of Metro Enviro Transfer, LLC v Village of
Croton-on-Hudson*, 5 NY3d 236, 240; *see Matter of Constantino v Moline*,
4 AD3d 820, 821).

Here, respondent issued a special use permit to petitioner on July 11, 2011, allowing it to construct the wind farm. Respondent notified petitioner that its permit would "expire if construction has not commenced within a year of [respondent's] approval." On June 11, 2012, respondent extended the deadline "until the earlier of" one year or 90 days after the "conclusion of the" lawsuit commenced against the Town by a citizens' group, Concerned Citizens of Cattaraugus County (CCCC), which opposed the project. By letter dated August 3, 2012, petitioner advised the Town that it was "considering use of alternate turbine models" for the project. Petitioner thereafter requested a second extension of the special use permit, but the Planning Board denied that request during its October 15, 2012 meeting.

We conclude that, contrary to petitioner's contention, there was a material change in circumstances since the special use permit had been issued, and that the Planning Board's refusal to extend the special use permit for a second time was not arbitrary or capricious. When the special use permit was granted, petitioner contemplated the use of Nordex N1000 turbines. It is undisputed that, by the time petitioner requested its second extension of the permit, petitioner proposed using alternate turbine models. The record establishes that, during a meeting conducted by respondent several months before petitioner requested its second extension, petitioner's counsel answered in the affirmative when asked whether a change in turbine models would constitute a change in circumstances sufficient to warrant reconsideration of the project by respondent. Specifically, counsel stated, "Yes, looking at how specific the approvals were with regard to a turbine model, the potential impact may be different based on the characteristics." We note that respondent's consultant concluded that use of the proposed alternate turbines would result in noncompliance with the Town's noise setback requirements.

We reject petitioner's further contention that the expiration date of its special use permit was tolled during the pendency of the lawsuit filed by CCCC. According to petitioner, the time period should be tolled because, until the litigation was resolved, it could not obtain necessary financing and could not commence construction of the wind farm. We reject that contention. Although several states have recognized an equitable doctrine that would allow for the tolling of the time period (see 3 Rathkopf, Zoning and Planning § 58:24 [4th ed]), New York has not done so and, in any event, this case does not warrant the application of that equitable doctrine.

The record makes clear that the CCCC lawsuit was not the primary reason for petitioner's failure to proceed with the project in a timely manner. As representatives of petitioner acknowledged in several media interviews, petitioner did not go forward with construction in large part because it was waiting to find out whether Congress was going to extend the Production Tax Credit (PTC) for wind energy. The PTC was scheduled to expire at the end of 2012. Furthermore, petitioner's response to the CCCC lawsuit does not support a basis in equity to toll the time period for petitioner's special use permit during the pendency of the CCCC lawsuit. Supreme Court dismissed CCCC's petition on November 10, 2011, approximately

six weeks after the proceeding had been commenced. Although CCCC filed a notice of appeal on December 5, 2011, it failed to perfect the appeal within 60 days of service of the notice of appeal, thus rendering the appeal subject to dismissal (*see* 22 NYCRR 1000.2). Nevertheless, petitioner did not move to dismiss the appeal.

Moreover, when CCCC's attorney advised the Town and petitioner that CCCC did not intend to pursue the appeal, petitioner's attorney refused to sign a stipulation discontinuing the action. The Town therefore moved to dismiss CCCC's appeal, but petitioner threatened the Town with legal action if it did not withdraw the motion. After the Town withdrew its motion, CCCC then moved to dismiss its own appeal, but petitioner opposed the motion, notwithstanding that petitioner was a *respondent* on the appeal and had not cross-appealed. Thus, it is clear from the record that petitioner engaged in sustained efforts to delay dismissal of CCCC's appeal.

We have reviewed petitioner's remaining contentions and conclude that they lack merit.

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court