Matter of Coden v Town of Huntington (2025 NY Slip Op 00857)

Matter of Coden v Town of Huntington

2025 NY Slip Op 00857

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
ROBERT J. MILLER
HELEN VOUTSINAS, JJ.

2022-07466
 (Index No. 613808/20)

[*1]In the Matter of Jennifer Coden, petitioner/plaintiff-appellant,
v
Town of Huntington, et al., respondents/defendants- respondents, et al., respondents/defendants.

Jennifer Coden, Woodbury, NY, petitioner/plaintiff-appellant pro se.
Susan J. Coleman, Town Attorney, Huntington, NY (John C. Bennett of counsel), for respondents/defendants-respondents Town of Huntington, Town of Huntington Zoning Board of Appeals, Christopher Modelewski, Town of Huntington Planning & Environment Department, and Christian Granelli.
Egan & Golden, LLP, Patchogue, NY (Christopher A. Bianco of counsel), for respondents/defendants-respondents Oyster Bay Management Co., LLC, Lessing's Food Service Management Corp., Lessing's Franchise Group, Inc., Lessing's NY Corp., Lessing's Restaurant Service, Inc., and Lessing's, Inc.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent/defendant Town of Huntington Zoning Board of Appeals dated August 1, 2013, which, after a hearing, granted the application of the respondent/defendant Oyster Bay Management Co., LLC, for certain parking buffer variances and a special use permit, and action, inter alia, for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (David T. Reilly, J.), dated August 24, 2022. The order and judgment granted the separate motions of the respondents/defendants Town of Huntington, Town of Huntington Zoning Board of Appeals, Christopher Modelewski, Town of Huntington Planning & Environment Department, and Christian Granelli, the respondents/defendants Oyster Bay Management Co., LLC, Lessing's Food Service Management Corp., Lessing's Franchise Group, Inc., Lessing's NY Corp., Lessing's Restaurant Service, Inc., and Lessing's, Inc., and the respondent/defendant Namresi Construction & Development Corp. pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint insofar as asserted against each of them, and dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
On August 1, 2013, the respondent/defendant Town of Huntington Zoning Board of Appeals (hereinafter the ZBA) issued a determination, filed on October 4, 2013, granting an application for parking buffer variances and a special use permit for a certain property located on Main Street in Cold Spring Harbor. In 2020, the petitioner/plaintiff commenced this hybrid proceeding pursuant to CPLR article 78 to review the ZBA's determination and action, inter alia, for [*2]declaratory relief. In an order and judgment dated August 24, 2022, the Supreme Court granted the separate motions of the ZBA and the respondents/defendants Town of Huntington, Christopher Modelewski, Town of Huntington Planning & Environment Department, and Christian Granelli, the respondents/defendants Oyster Bay Management Co., LLC, Lessing's Food Service Management Corp., Lessing's Franchise Group, Inc., Lessing's NY Corp., Lessing's Restaurant Service, Inc., and Lessing's, Inc. (hereinafter collectively the Lessing respondents/defendants), and the respondent/defendant Namresi Construction & Development Corp. pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint insofar as asserted against each of them, respectively, on the ground that it was time-barred and dismissed the proceeding. The petitioner/plaintiff appeals.
A respondent/defendant who seeks dismissal of a petition/complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired (see Listwon v 500 Metro. Owner, LLC, 188 AD3d 1028, 1029). The burden then shifts to the petitioner/plaintiff to aver evidentiary facts establishing that his or her cause of action falls within an exception to the statute of limitations or raising a question of fact as to whether such an exception applies or as to whether the cause of action was interposed within the applicable statute of limitations (see id.; see also Kogut v Village of Chestnut Ridge, 214 AD3d 777, 778-779).
A proceeding pursuant to CPLR article 78 seeking review of any determination of a zoning board of appeals "shall be instituted within thirty days after the filing of a decision of the board in the office of the town clerk" (Town Law § 267-c[1]; see Matter of 92 MM Motel, Inc. v Zoning Bd. of Appeals of Town of Newburgh, 90 AD3d 663, 663-664). However, where a local land use agency acts without jurisdiction in approving or denying a site plan, special permit, or other land use application, a challenge to such an administrative action as ultra vires is not subject to the 30-day limitations period applicable to review of the site plan, special permit, or other land use determination (see Matter of Hampshire Mgt. Co., No. 20, LLC v Feiner, 52 AD3d 714, 715; 420 Tenants Corp. v EBM Long Beach, LLC, 41 AD3d 641, 643; Matter of Eastport Alliance v Lofaro, 13 AD3d 527, 529). It is a jurisdictional defect itself, as opposed to a mere allegation of such a defect, which renders agency action void and tolls the statute of limitations (see Matter of Hampshire Mgt. Co., No. 20, LLC v Feiner, 52 AD3d at 715). Thus, to avoid the bar of the statute of limitations, petitioners/plaintiffs must show a jurisdictional defect (see id.).
Here, each of the moving respondents/defendants established, prima facie, that the petitioner/plaintiff's time to commence a CPLR article 78 proceeding to challenge the ZBA's determination had expired, as the petition/complaint was filed almost seven years after the ZBA's determination was filed. Contrary to the petitioner/plaintiff's contention, she failed, in opposition, to adduce evidence establishing that the ZBA exercised power outside the scope of its jurisdiction in reaching its determination. Accordingly, the Supreme Court properly dismissed the proceeding as time-barred.
Contrary to the petitioner/plaintiff's further contention, the Supreme Court also properly granted those branches of the moving respondents/defendants' separate motions which were to dismiss the causes of action seeking declaratory relief insofar as asserted against each of them. "An action for a declaratory judgment is generally governed by a six-year statute of limitations. However, where a declaratory judgment action involves claims that could have been made in another proceeding for which a specific limitation period is provided, the action is subject to the shorter limitations period" (Save the View Now v Brooklyn Bridge Park Corp., 156 AD3d 928, 931 [citation omitted]). Where a declaratory judgment action seeks an adjudication of rights that could be resolved in a proceeding pursuant to CPLR article 78, the statute of limitations applicable to a CPLR article 78 proceeding applies (see id. § 217[1]; Town Law § 267-c[1]; Matter of Incorporated Vil. of Freeport v Curran, 211 AD3d 946, 948; see also Matter of Banos v Rhea, 25 NY3d 266, 276). Here, despite being couched in declaratory language, the relief sought in the causes of action seeking declaratory relief is available in the context of a CPLR article 78 proceeding, and thus, the 30-day statute of limitations period also applies to those causes of action (see Matter of Greens at Half Hallow, LLC v Suffolk County Dept. of Pub. Works, 147 AD3d 942, 944).
The petitioner/plaintiff's remaining contentions are without merit.
In view of the foregoing, we need not reach the remaining contention of the Lessing respondents/defendants advanced as an alternative ground for affirmance.
Accordingly, we affirm the order and judgment.
DILLON, J.P., GENOVESI, MILLER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court