Matter of Mastromonaco v Planning Bd. of the Town of Cortlandt (2025 NY Slip Op 04249)

Matter of Mastromonaco v Planning Bd. of the Town of Cortlandt

2025 NY Slip Op 04249

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2021-01384
 (Index No. 1573/20)

[*1]In the Matter of Ralph G. Mastromonaco, appellant,
v
Planning Board of the Town of Cortlandt, et al., respondents.

Ralph G. Mastromonaco, Montrose, NY, appellant pro se.
Thomas F. Wood, Town Attorney, Cortlandt Manor, NY (Joshua B. Subin and Michael J. Cunningham of counsel), for respondent Planning Board of the Town of Cortlandt.
Zarin & Steinmetz LLP, White Plains, NY (David S. Steinmetz, Marsha Rubin Goldstein, and Lee J. Lefkowitz of counsel), for respondents Dakota Supply Corp., Bilotta Construction Corp., Briga Enterprises, Inc., and Bilotta Realty of Westchester, Inc.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Town of Cortlandt dated June 3, 2003, which, after a hearing, granted the application of the respondents Briga Enterprises, Inc., and Bilotta Realty of Westchester, Inc., for site plan approval, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated January 15, 2021. The order and judgment, insofar as appealed from, granted those branches of the separate motions of the respondent Planning Board of the Town of Cortlandt and the respondents Dakota Supply Corp., Bilotta Construction Corp., Briga Enterprises, Inc., and Bilotta Realty of Westchester, Inc., which were pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition insofar as asserted against each of them and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
In 2020, the petitioner commenced this proceeding pursuant to CPLR article 78 to annul a determination of the respondent Planning Board of the Town of Cortlandt (hereinafter the Planning Board) dated June 3, 2003, and filed on June 6, 2003, which granted the application of the respondents Briga Enterprises, Inc., and Bilotta Realty of Westchester, Inc. (hereinafter together the applicants), for approval of a site plan to construct a contractor's yard with a maintenance garage and a portable ready-mix concrete plant on certain property located in the HC/9A and M-1 zoning districts of the Town of Cortlandt. In an order and judgment dated January 15, 2021, the Supreme Court, inter alia, granted that branch of the motion of the applicants and the respondents Dakota Supply Corp. and Bilotta Construction Corp. (hereinafter collectively with the applicants, the Bilotta respondents) and that branch of the separate motion of the Planning Board which were pursuant to [*2]CPLR 3211(a) and 7804(f) to dismiss the petition insofar as asserted against each of them, on the ground that the petition was time-barred, and dismissed the proceeding. The petitioner appeals.
A respondent who seeks dismissal of a petition pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired (see Listwon v 500 Metro. Owner, LLC, 188 AD3d 1028, 1029). The burden then shifts to the petitioner to aver evidentiary facts establishing that his or her cause of action falls within an exception to the statute of limitations or raising a question of fact as to whether such an exception applies or as to whether the cause of action was interposed within the applicable statute of limitations (see Kogut v Village of Chestnut Ridge, 214 AD3d 777, 778-779; Listwon v 500 Metro. Owner, LLC, 188 AD3d at 1029).
A proceeding pursuant to CPLR article 78 to challenge a planning board's decision on a site plan application "shall be instituted within thirty days after the filing of a decision by such board in the office of the town clerk" (Town Law § 274-a[11]). However, where a local land use agency acts without jurisdiction in approving or denying a site plan, special permit, or other land use application, a challenge to such an administrative action as ultra vires is not subject to the 30-day limitations period (see Matter of Hampshire Mgt. Co., No. 20, LLC v Feiner, 52 AD3d 714, 715; 420 Tenants Corp. v EBM Long Beach, LLC, 41 AD3d 641, 643). To avoid the bar of the statute of limitations, a petitioner must show a jurisdictional defect (see Matter of Coden v Town of Huntington, 235 AD3d 744, 746; Matter of Hampshire Mgt. Co., No. 20, LLC v Feiner, 52 AD3d at 715).
Here, the Bilotta respondents and the Planning Board established, prima facie, that the petitioner's time to commence a CPLR article 78 proceeding to challenge the Planning Board's determination had expired, as the petition was filed approximately 17 years after the Planning Board's determination was filed. In opposition, the petitioner failed to adduce evidence establishing that the Planning Board exercised power outside the scope of its jurisdiction in reaching its determination (see Matter of Coden v Town of Huntington, 235 AD3d 744, 746; Matter of Hampshire Mgt. Co., No. 20, LLC v Feiner, 52 AD3d at 715).
The Planning Board's request for certain affirmative relief is not properly before this Court, since the Planning Board did not cross-appeal from the order and judgment appealed from (see U.S. Bank N.A. v Nunez, 208 AD3d 711, 714).
The Planning Board's remaining contention need not be reached in light of our determination.
Accordingly, the Supreme Court properly dismissed the proceeding as time-barred.
DUFFY, J.P., MILLER, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court